Singleton
vs.
Finley.

By Mr. Chief Justice LIPSCOMB :

a 1 Ala. R.399
b 38.

---

LEMUEL E. SINGLETON *vs.* CHARLES FINLEY.

*Error from Pickens Ciruit Court*—Before the Hon. S. L. PERRY.

---

Mere right of possession, arising from the right of property, is not sufficient to authorise a recovery under the summary remedy, for forcible entry and detainer, or for forcible or unlawful detainer.

The claim of a party in this proceeding, must show that he has, by himself or tenant, enjoyed the actual possession of the premises within the three years mentioned by the statute.

Lemuel E. Singleton commenced proceedings in a justice's court, against Charles Finley, for the unlawful detainer of a

certain parcel of land mentioned in his complaint.   Judgment <span>Singleton</span>
being had against Finley, and a writ of restitution awarded, <span>vs.</span>
this case was taken to the Circuit Court of Pickens County, <span>Finley.</span>
by writ of *certiorari.*   Finley there assigned for error, in the
justice's court, among other immaterial points—

1st.  That the complaint did not show Singleton to have been
either tenant for life or years.

2d.  That the complaint did not show that he ever had, or ever
was entitled to possession.

3d.  That the proceedings before the justice did not evidence
his jurisdiction.

4th.  That there was a variance between the summons and
complaint.

The evidence and record disclose the following facts :

The complaint of Singleton, was for the detainer of the
land in question, and the summons was for a forcible and un-
lawful detainer.

Finley pleaded peaceable possession for three years, and no
testimony was produced that any possession was ever had by
Singleton ; neither did the complaint show any such posses-
sion, either by himself or tenant.   On these facts, the Circuit
Court reversed the entire judgment in the justice's court, and
that reversal is now here assigned for error.


R. K. ANDERSON, for Plaintiff.


G. B. FRIERSON, *contra.*


By Mr. Justice SAFFOLD :

Singleton complained before a justice of the peace that
Finley unlawfully detained from him a tract of land therein
described, of which, he, Singleton, was the lawful owner in
*fee simple.*  Singleton obtained a verdict and judgment be-
fore the justice, which, on *certiorari,* were reversed in the Cir-
cuit Court.   One of the assignments of error, in the Circuit

19

Court, and the only one necessary to be noticed, is, that the complaint does not show that the plaintiff ever had possession, or was entitled to possession of the land in question. The alleged ground of error in this Court is, that the Circuit Court wrongfully sustained the assignmsnt of errors. The question is now presented for the consideration of this court, on the ground on which the reversal is presumed to have been had in the court below. It is, whether the record exhibits a cause of action, for which a remedy has been provided by the statute, concerning forcible entry and detainer. That the statute, by this summary mode of procedure before a justice of the peace, did not contemplate a trial of the right of property, or of the right to possession derived merely from the strength of title, sufficiently appears from the grade of the tribunal, and from various expressions contained in the statute. Such has been established as the rule of construction by this court, in the cases of *Childress* and *McGehee*,[a] and *Lecatt* and *Stewart*.[b] In both these cases it was held, that the record must show that the plaintiff has had actual possession of the premises, so that these cases are decisive of the present one, if the same objection applies. The plaint which is the leading process, alleges title only in the plaintiff, and unlawful detainer by the defendant. The notice to the defendant, claims the right and title of possession, and charges, that the defendant holds without authority. The summons alleges a forcible and unlawful detainer by the defendant on the land of the plaintiff, without any showing as to the mode or manner by which the defendant entered. There is nothing in the nature of this claim, or in any of the averments, to exclude the presumption, that the plaintiff may have purchased the land of the government, while occupiod by the defendant; or that he may have purchased of some individual, between whom and the defendant, there was no privity of contract—they may even have held adversely, under conflicting titles.

The mere constructive right of possession, arising from the right of property, is not sufficient to authorise a recovery

in this summary mode.   The statute forbids any inquiry into   Singleton
the estate, or merits of the title, on any complaint of this na-    vs.
ture ;[a] and applies the remedy exclusively to such lands, ten-   [a]Aik. D. 205,
ements, or other possessions, as shall be forcibly entered upon  s. 20.
and detained, or forcibly or unlawfully detained.[b]  Here a  [b]Ib. s. 7.
forcible entry is not charged, but only an unlawful detainer,
by the plaint to the magistrate—and by the summons, a for-
cible and unlawful detainer.   Waiving this discrepancy, and
giving the plaintiff the benefit of either, yet his ground is in-
sufficient to justify this remedy.   He should have shown by
the record of his claim, that he had enjoyed the actual pos-
session in person or by tenant.   If it were admitted, that in
this case the evidence was sufficient to establish the necessary
possession by the plaintiff, yet the proceedings do not de-
scribe a legal cause of action.   This defect is the more fatal,
in as much as the defendant, besides the general issue, plead-
ed peaceable possession for three years.   A cause for this
action may once have existed—and it may have been barred
by the lapse of time, or change of the right of possession;
therefore the evidence in this case cannot cure the defect in
the proceedings.

The judgment of the Circuit Court must be affirmed.