## RUSSELL *vs.* DESPLOUS.

1. The appellee cannot insist on error in the ruling of the court below, allowing an amendment, when that ruling is not covered by the assignments of error.

2. An action for an unlawful detainer cannot be maintained, either under the general statute (Clay's Digest, p. 251) or under the special act applicable to Mobile (Pamph. Acts 1847-8, p. 99), against one who, "within three years last past, unlawfully entered upon and took possession of " premises then in the plaintiff's possession, " and has since unlawfully kept and detained the possession thereof from him" : this remedy only lies against a tenant who holds over after the expiration of his term, or against one who obtains or holds possession by, from, under, or by collusion with such tenant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action (Peter Desplous v. Henry C. Russell) was commenced before a justice of the peace. The cause of action is described in the summons to be " an unlawful detainer ;" while

in the complaint the plaintiff alleges, "that he has been in quiet and peaceable possession of said lot of land," which is particularly described, "for ten years past, and claiming the same in fee simple ; and that while thus in peaceable possession, and within three years last past, the defendant unlawfully entered upon and took possession of the said lot, and has since unlawfully kept and detained the possession of the same from plaintiff, to his great damage," &c.

The defendant demurred to the complaint, but his demurrer was overruled ; and he then pleaded, 1st, not guilty ; 2d, that he and those under whom he held had had three years' quiet and peaceable possession of the premises, at and immediately before the bringing of the suit. After the evidence was heard, the justice considered that it was not sufficient to sustain the complaint, and rendered judgment for the defendant. The plaintiff then removed the case by *certiorari* to the Circuit Court, where a trial was had on issue joined, and the jury returned the following verdict : " We, the jury, find for the plaintiff"; whereupon judgment was entered in his favor. At a subsequent day of the term, the defendant moved the court to amend the judgment entry *nunc pro tunc*, so as to make it appear that he had demurred to the complaint, and that his demurrer was overruled. The plaintiff objected to the sufficiency of the evidence offered in support of this motion, but the court held it sufficient, and amended the judgment entry accordingly ; to which the plaintiff excepted. The defendant also excepted to several rulings of the court, which it is unnecessary to notice, as the opinion goes only to the merits of the complaint.

The appellant, who was the defendant below, now assigns for error the overruling of his demurrer to the complaint.

GEO. N. STEWART, for the appellant, contended that the complaint was defective, because it did not aver that the defendant entered as tenant and held over, or that he entered or held under a tenant ; and cited Mounger v. Burks, 17 Ala. 48 ; Stinson v. Gossett, 4 *ib.* 170 ; Grice v. Ferguson, 1 Stew. 37.

A. J. REQUIER, *contra*, insisted that the complaint was substantially sufficient, and cited Snoddy v. Watt, 9 Ala. 609.

CHILTON, C. J.—1. It may be that the court below committed an error in allowing the amendment of the record so as to show that a demurrer was interposed in the Circuit Court to the complaint and overruled, and that the proof before it was insufficient to justify such an amendment; but this is a question which could only be presented upon error by the party against whom the decision was made, and is outside of the assignments in this cause. It is very clear, such entry is not void, and cannot be collaterally impeached. The court had jurisdiction, and although its judgment may have been erroneous, it is valid until reversed.

2. We must then look to the complaint, and see whether it is sufficient in law to entitle the appellee, who was the plaintiff below, to this summary remedy for the recovery of the possession of the land demanded by him. The action is for an unlawful entry and detainer. The plaintiff avers that he claims to be the owner in fee simple of the land, which he describes; that he has been in the quiet and peaceable possession of said lot for ten years past, and claiming the same in fee; that being thus possessed, the defendant, within three years last past, unlawfully entered upon and took possession of the same, and has since unlawfully kept and detained the possession thereof from him, to his great damage, &c., and against the form of the statute, &c.

We think it very clear, that the allegations in the complaint fail to make out a case of unlawful entry and detainer, either as provided by the general statutes relating to the subject, or the local act of 3d March, 1848, which is applicable to Mobile. If one man, peaceably and without force, enter upon the land of another, and hold the quiet and peaceable possession thereof, there being as between them no contract or agreement whereby the relation of landlord and tenant is created, I have seen no case in our books which would make him liable as for an unlawful entry and detainer. There must either have been an actual tenancy under the plaintiff, and a holding over after the expiration of the time by the tenant, or the possession must be obtained, or held, by, from, under, or by collusion with such tenant, in order to give this remedy by the general law. The 11th section of the act of 3d March, 1848, (Pamph. Acts, p. 99,) declares, that " when any tenant, or tenants, at

will, or at sufferance, for a part of a year, or one or more years, or any person claiming by, through, or under them, or who shall take possession on their desertion or abandonment of the demised premises during the term, or before their delivery to the lessor," &c., &c., shall be guilty of unlawful detainer. In the complaint before us, nothing of the kind is charged ; no tenancy of any sort is averred, nor any possession from, or by collusion with, a tenant, either at will, at sufferance, or for a specified term. The averments present the simple case of a possession within three years last past, by the owner in fee of the land, and a subsequent possession and detention without right of the defendant. This does not make an "unlawful detainer" within the meaning of any of the statutes. The court, therefore, erred in overruling the demurrer.

Some of our previous cases seem not to have taken the distinction between a forcible detainer, where the party acquires the possession peaceably, but detains it wrongfully *and by force*, in which the relation of landlord and tenant is not essential ; and the case of an "unlawful detainer," which, as we have previously shown, requires the existence of a tenancy, or a holding by, from, through, under, or by collusion with a tenant, or, according to the local act applicable to Mobile, an entry or possession taken and held on the desertion or abandonment of the demised premises during the term of such demise, or before the delivery of such demised premises by the tenant to the lessor. The *forcible detention* of land, peaceably entered upon but unlawfully held, is the gist of "*forcible detainer*" ; the unlawful holding over after the expiration of a term of rightful possession, by a tenant, or one entering or holding by his permission, or by collusion with him, is the gravamen of "*unlawful detainer*." The complaint before us charges neither the one nor the other.

As the cause must go back for another trial, and the facts may assume a different shape and bearing when the parties are properly in court upon a good complaint, we forbear to express any opinion upon the law arising upon them.

Let the judgment be reversed, and the cause remanded.