# RUSSELL vs. DESPLOUS.

[ACTION FOR UNLAWFUL DETAINER.]

1. *What possession will maintain action.*—An action for unlawful detainer does not lie, either under the general statute, (Code, §§ 2851-2,) or under the special act of 1848, (Pamphlet Acts 1847-8, p. 97) against one who took possession in 1850 of premises which were abandoned in 1829 by the tenant to whom they had previously been leased : if plaintiff's possession was only constructive from the time of the abandonment to the defendant's entry, it would not be sufficient to maintain the action; and if actual, the entry could not have been "before the delivery to the lessor."

APPEAL from the Circuit Court of Mobile. Tried before the Hon. C. W. RAPIER.

THIS action was brought by Peter Desplous against Henry C. Russell, to recover the possession of a city lot in Mobile, and was commenced in August, 1851. The case was brought to this court at the June term, 1854, and was then reversed and remanded.—See 25 Ala. 514. The complaint was then amended in the court below, as shown in the opinion ; and a demurrer to the amended complaint having been overruled, a trial was had on issue joined.

On the trial, as appears from the bill of exceptions, "evidence was introduced conducing to prove the following facts : That Geo. N. Lyles settled upon a piece of ground, built a house on it, enclosed and dug a well on it, and occupied it in 1827 and 1828; that said Lyles died, in Mobile, in March, 1828, but not on this place ; that his widow, after his death, went back to said place, lived on it a few months, and rented it to one Tucker as her tenant; that said Tucker lived on it until the summer of 1829, and then moved away and left it ; that Mrs. Lyles moved away from Mobile in 1828 or 1829 ; that whether she returned to the city between that time and 1850, or continued out of it, the witnesses could not say—they had not seen her ; that she married the present plaintiff during her absence, and they returned to Mobile, to live, in 1850 ; that after their return, say in 1850, they

entered upon another lot, built a house on it, and lived in it, claiming and supposing it to be the same lot occupied by Lyles ; but a suit was brought against them, and they were dispossessed. That Russell came into the possession of the lot he now occupies in 1850, claiming it as a purchaser from a third party, and adversely to Desplous ; that Desplous and wife, after leaving their first location, claimed the possession of a part of this lot occupied by Russell, and in 1851 Desplous demanded the possession of Russell ; that Desplous claimed that, in his first location, he had mistaken the proper location of the place his wife formerly occupied, in consequence of a change having been made in the direction of the street upon which the lot was situated in 1828–9, and a new street with a different name being run in front of it; and offered evidence tending to prove that the place now occupied, in part, by Russell, was the true place. The plaintiff claimed to be entitled to recover, on the ground that the former possession of his wife continued during her absence, because she left Tucker in possession; and on the ground, that he had abandoned the possession, and Russell had entered on such abandoned possession in 1850, under the provisions of the act of 1848, applying to Mobile county ; and claimed to be entitled as husband of his wife, and on her possession under said act vesting in him as husband."

The defendant claimed possession of the land under W. C. Easton, and offered evidence of title in his lessor. He further proved, that the land was vacant and unoccupied at the time of his lessor's purchase ; and offered some evidence, tending to show that the land in controversy was not the place which Lyles had formerly occupied.

" The court charged the jury, among other things, that if it appeared that Tucker was the tenant of Mrs. Lyles, and abandoned the possession without restoring it to her, and that Russell entered in 1850, before it was regained by Mrs. Lyles,—then, although the abandonment occurred in 1829, still the case would be within the act of 1848, concerning actions of unlawful detainer in Mobile, and the premises might be recovered in this action under said special act."

" The defendant requested the court to instruct the jury, that a possession of the premises by plaintiff's wife in 1829,

if they had been left vacant and unoccupied for more than twenty years before Russell entered, particularly if said possession was not shown to be held under a deed or title, would not be sufficient to enable the plaintiff to maintain this action ; which charge the court refused to give."

The defendant excepted to the charges given by the court, and to the refusal to give the charge asked; and he now assigns these matters, together with the overruling of his demurrer to the amended complaint, as error.

GEO. N. STEWART, for the appellant.

A. J. REQUIER, *contra.*

WALKER, J.—The complaint in this action, omitting the description of the land, is in the following words : "The petition and complaint of Peter Desplous represents, that he *claims, by reason of his intermarriage with one Matilda Green Lyles,* the fee-simple owner and possessor thereof, to have been in lawful and peaceable possession, for eight years past, of the following lot of land, in the city of Mobile," &c. "Your petitioner further represents, that during the year 1843, he intermarried with the said Matilda Green, your petitioner's present wife, and the then widow of George Lyles, deceased; which said Matilda had sometime theretofore, to-wit, on the first of July, 1828, inherited the title, and succeeded to the actual possession of her said deceased husband, the said George Lyles, in and to the said premises, and being so seized and possessed of the same, had thereafter, to-wit, on the 1st day of March, A. D. 1829, transferred her said possession thereof to one Tucker, as her tenant at will ; which said Tucker, afterwards, on the first day of December, 1829, had deserted and abandoned the said demised premises before the delivery to his lessor ; *whereby the possession of the same reverted in law to his lessor, the said Matilda, and continued in her up to the period of her said intermarriage with your petitioner; by virtue whereof, the same became and was lawfully vested in your petitioner.* And your petitioner further represents, *that, being so lawfully possessed thereof,* afterwards, to-wit, on the 1st day of January, A. D. 1850, at the county and State, and in the city aforesaid, one Henry C. Russell unlawfully entered

Russell v. Desplous.

upon, and took possession of the said demised premises, so deserted and abandoned by the said tenant, Tucker, *before their delivery to the lessor thereof*, and hath since unlawfully detained and kept possession of the same from your petitioner, to his great damage, and against the form and effect of the special act, in such cases made and provided, of the legislature of said State, approved March 3d, 1848, and entitled an act to provide a more efficient remedy in cases of unlawful entry and detainer in the city of Mobile. Wherefore he says, that the said Henry C. Russell has been guilty of an unlawful detainer, and prays process according to law and the circumstances of the case issue," &c.

It may admit of doubt, whether this conplaint is designed to aver that the wife of the plaintiff, and, after the marriage, the complainant himself, had actual possession of the land during the period between the abandonment by the tenant, Tucker, and the alleged .intrusion by the defendant on the land; or that the wife had only a constructive possession, inferrible from the title of her deceased husband or herself, and the husband a constructive possession, inferrible from his intermarriage with one who had the title. It matters not which of the constructions suggested is adopted; because, in our judgment, under either, the complaint is insufficient.

The part of the act of 1848, which, it is argued, authorizes this proceeding, is as follows : " When any tenant, or tenants at will, or at sufferance, for a part of a year, or one or more years, or any person claiming by, through, or under them, or who shall take possession on their desertion or abandonment of the demised premises during their term, or *before their delivery to the lessor*," &c., "shall be guilty of an unlawful detainer."

Since the decision of this case, reported in 25 Ala. 514, the complaint has been amended, and is sought to be sustained under that provision of the foregoing statute, which confers the right of action against one who shall take possession before the delivery of the demised premises to the lessor. Now, if after the abandonment of the premises, in December, 1829, by the tenant, Tucker, the complainant's wife had *actual* possession until her marriage in 1843, and the complainant himself had actual possession after the marriage, it is clear

that the entry on the land by the defendant, in 1850, could not have been before the delivery of the land to the lessor ; and therefore the complaint is not good, if we regard it as averring an *actual* possession during the intermediate time between the abandonment by Tucker, and the alleged intrusion by the defendant.

It is the law in this State, clearly set forth in several decisions, upon unassailable reasoning, that an *actual* possession is necessary to the maintenance of this action. The constructive possession, which the law infers from the title, is not sufficient to maintain it. If it were, a controversy as to title, which it is the purpose of the statute to avoid, would inevitably arise.—McKeen & Wife v. Nelms, 9 Ala. 507 ; Singleton v. Finley, 1 Porter, 144 ; Childers v. McGehee, Minor, 131 ; Cunningham v. Green, 3 Ala. 127 ; Wright v. Mullins, 2 S. & P. 219. A possession, which existed some years antecedent to the wrong done, is not sufficient. The action is designed to redress a wrong done to the actual existing possession, which the legislature supposed required more immediate and speedy relief than could be obtained through the ordinary forms of judicial proceeding. If then, there was no actual possession from December, 1829, to January, 1850, when the entry on the land was made by the defendant, this action cannot be maintained ; because, conceding that the complainant, after his marriage, and his wife before the marriage, had any possession, it was a mere constructive possession, and not an actual possession.

It is argued, that the words of the statute, giving the action against one who enters before the delivery of the premises to the lessor, would authorize this suit against one who enters at any time after the tenant abandons the land, and before the lessor takes possession, no matter how long the period may be. To this construction of the statute we cannot subscribe. A possession of premises taken near twenty years after their abandonment by a tenant, who never delivered them, was not intended to be included within the statute, under the description of a possession taken before the delivery of the premises to the lessor. The design of the statute was, to provide a speedy and efficacious remedy against one who obtrudes himself upon the premises, between the outgoing of a tenant

and the delivery to his lessor, and who avails himself of the departure of the tenant to enter, before the premises are delivered to the landlord, and within such a time that the continuity of the possession is not broken. It cannot embrace one who enters on the land, years afterwards, without any connection with, or reference to the past tenancy. To hold otherwise, would be to contravene the entire spirit and intent of the statutes governing this and the kindred proceedings. It must be observed, that the special statute under consideration does not repeal the general law on the subject.

The court below gave two charges, and refused one. The first charge given by the court pertains to the question of the right of the complainant, resulting from his marriage, to maintain the action alone. That question we do not consider, because we deem it unnecessary. From the principles laid down in this opinion, it follows, that the court erred in the second charge given ; and in the refusal to charge, that under the facts set forth in the bill of exceptions, the complainant has no right to recover in this action.

The judgment of the court below is reversed, and the cause remanded.