Ferguson et al. v. Carter.

---

## FERGUSON ET AL. *vs.* CARTER.

[FORCIBLE ENTRY AND UNLAWFUL DETAINER.]

1. *Sufficieucy of complaint.*—A complaint which alleges that, on a specified day, the plaintiff "was lawfully seized and possessed" of certain premises, and that, "being so seized, on the day aforesaid, the defendant did enter on and take possession of said premises, although notified by plaintiff not to enter," does not show a cause of action, either for a forcible entry, or for an unlawful detainer.

2. *Same.*—A complaint which alleges that, on a specified day, "plaintiff was lawfully seized and actually possessed of" certain premises, and that defendant, "while said plaintiff was lawfully seized and in actual possession of said premises, with force and strong hand entered upon said premises unlawfully, and, after demand of possession thereof, detained, and does still detain the same, with force and arms,"—is good and sufficient.

3. *Statute of limitations as defense to action.*—The statute of limitations

of three years, if available as a defense to an action for a forcible entry and detainer, must be taken advantage of by plea, and is not good matter for demurrer to the complaint.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by D. J. Ferguson and Benjamin Newton, against Herbert Carter, and was commenced on the 10th October, 1860. The original complaint was in these words: "The complaint of D. J. Ferguson and Benjamin Newton showeth, that the said Ferguson and Newton, on the 1st day of June, 1857, *was* lawfully seized and possessed of a certain tract of land, to-wit, the south-west quarter of the south-west quarter of section thirty-six, township eleven, range thirteen, lying and being in the county aforesaid; and being so seized, on the day aforesaid, one Herbert Carter did enter on and take possession of the said premises, notwithstanding the said Carter *being* notified by us (Ferguson and Newton) not to enter on said premises, and that we held the lawful title to said premises on and after the first day of June, 1857; and said complainants did, in a quiet and peaceable manner, go to and demand possession of the premises aforesaid, to-wit, on the — day of February, 1860, in the county aforesaid; but the said defendant then and there resisted us, and refused to give and surrender the possession of the said premises to the complainants, although requested so to do, but then and now unlawfully holds and detains the said premises, against the right and lawful claim and entry of the said complainants, and against their consent and will, to their great damage."

The plaintiffs recovered a judgment before the justice of the peace, and the cause was then removed by the defendant, by appeal, to the circuit court. The defendant there demurred to the complaint, and assigned the following grounds of demurrer: "1st, that it appears from said complaint that the defendant has been in possession of the premises for more than three years before the exhibition of the complaint; 2d, that said complaint does not allege that the plaintiffs were ever in the actual possession of said

premises; 3d, that said complaint does not show that the defendant entered on the premises with force or strong hand, or by exciting fear or terror, or by any threats of violence to the party in possession, or by any other actions or words having a tendency to excite fear or apprehension of danger; 4th, that said complaint does not show that the defendant put out of doors or removed the goods and chattels of the complainants from the premises; 5th, that the complaint does not allege that the defendant entered peaceably, and then, by force or threats, turned out, or kept the complainants out of the actual possession of the premises; and, 6th, because there is no allegation that the defendant occupied the premises as the tenant of the complainants, and, after the termination of his possession entered (?) refused, on demand in writing, to deliver to the complainants."

The court sustained the demurrer, but allowed the plaintiffs to amend their complaint; and the plaintiffs then filed a complaint in the following words: " The complaint of Darius J. Ferguson and Benjamin Newton shows, that on the first day of June, 1857, the complainants were lawfully seized and actually possessed of a certain tract of land lying in said county, and known and described" as in the original complaint; "and that on or about the first day of June, 1859, (?) one Herbert Carter, while said complainants were in the actual possession of said lands, and lawfully seized thereof on the first day of June, 1857, with force and strong hand entered upon said lands unlawfully, and, after demand of possession thereof, detained, and still does detain the same, with force and arms, and against the statute in such cases provided." · The defendant demurred to the amended complaint, and assigned the following as grounds of demurrer: "1st, that said complaint is insufficient in law ; 2d, that it appears from said complaint, and from the proceedings in said cause, that the defendant had the uninterrupted occupation of the premises for more than three years preceding the exhibition of the complaint; 3d, that it does not appear by the complaint, that the defendant entered any house on the premises by breaking open doors, windows, or any other part of any house thereon;

nor by threats or violence to any person alleged to have been in possession of said premises; nor by any words or actions having a tendency to excite fear or apprehension of danger; nor does it appear from said complaint that the defendant entered said premises by putting out of doors or removing the goods or chattels of any person alleged to have been in possession; nor does it appear from said complaint that the defendant entered peaceably into said premises, and then, by force or threats, turned or kept out any party in possession at the time of defendant's entry into said premises with force."

The court sustained the demurrer, and the plaintiffs, declining to plead anew, were compelled to take a nonsuit, with a bill of exceptions; and they now move to set aside the nonsuit, and assign as error the sustaining of the demurrers to the original and amended complaints.

HERBERT & POWELL, for appellants.
WATTS & TROY, contra.

BYRD, J.—1. The demurrer to the original complaint was properly sustained.—*Russell v. Desplous*, 25 Ala. 514; *S. C.*, 29 Ala. 308.

2. Under the liberal system of pleading authorized by the Code, we hold that the amended complaint is sufficient. The premises are described with legal certainty; the possession of complainants is alleged with sufficient accuracy; and the forcible entry and detainer by the defendant, though alleged in general terms, is allowable under the provisions of the Code; and the court, therefore, should not have sustained the demurrer thereto.

3. Without deciding whether the statute of limitations is applicable to this case, we are satisfied that it is a matter of defense, of which the defendant in the court below can only avail himself by plea.

Reversed and remanded.