### SPEAR & THOMASSON ET AL vs. LOMAX.

[ACTION OF UNLAWFUL DETAINER.]

1. *Unlawful detainer; complaint in.*—The following count, in a complaint in an action of unlawful detainer—*held*, to be sufficient, on demurrer, viz : "plaintiff sues to recover possession of the following tract or parcel of land, to-wit : lot and storehouse on said lot, number 47, in the city of Montgomery, of which said lot she was seized and possessed of heretofore, to-wit : on the first day of June, 1865, and after said possession accrued and while so possessed, the defendants entered thereon as tenants, until the first day of October, 1865, and after the expiration of their said lease, or contract of renting, refused possession on demand, in writing, but unlawfully withhold and retain the same."

2. *Same ; same ; what is essential.*—A complaint in an action of unlawful detainer, which fails to aver that "a demand in writing to deliver the possession thereof to any one lawfully entitled thereto," was made, is defective.

3. *Same ; who may maintain.*—A personal representative, who has met all the requirements of the law, in order to entitle him to maintain an action of unlawful detainer, can do so, either in his representative or individual character, where he has been in the actual possession of the land.

4. *Exception ; how reserved.*—To reserve an exception to the introduction of certain proof, it must not only appear from the bill of exceptions, that an objection was made to the introduction of the proof, but that the party excepted to the ruling of the court thereon.

Spear & Thomasson et al v. Lomax.

5. *Unlawful detainer; what evidence admissible.*—In said action, evidence of the price which the lot brought at public renting, about the time of the expiration of the possessory interest of the defendant, is admissible to aid the jury in arriving at the value of the rent.

6. *Same; when may be brought.*—A lease expires on last day of September; demand of possession is made on 9th October following, and possession refused; on the same day, but after the refusal, suit is brought to recover possession—*held*, that the suit was not prematurely brought.

7. *Same; jury must assess rent.*—In an action of unlawful detainer, it is the province of the jury to assess the value of the rent; and the court, on motion, should render a judgment for the same, against the parties liable therefor.

8. *Bond under* § 3314, *Revised Code.*—The bond in this case, (see statement,) conforms to § 3314, Revised Code, and does not cover costs, as required by section 3313. A judgment may be rendered thereon against the obligors jointly, for whatever amount the sureties are liable, under the evidence, and §§ 3314 and 3316, to be assessed by the jury.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. GEORGE GOLDTHWAITE.

THIS was an action of unlawful detainer, brought by the appellee against Spear & Thomasson, partners; and was commenced in a justice's court on 9th October, 1865. The justice gave judgment for the plaintiff, and the defendants appealed to the circuit court, having given an appeal bond. A portion of this bond is as follows: "The condition of the above obligation is such, that whereas the above bound Spear & Thomasson, have this day taken an appeal from a judgment rendered against them, in a certain case of unlawful detainer, in favor of the said Carrie Lomax, before J. H. Nettles, justice of the peace, &c., to the next circuit court. Now, if said Spear & Thomasson shall prosecute said appeal to effect, and then and there abide by the judgment of said court, and pay to said Carrie Lomax all such damages as she may sustain by the prosecution of said appeal, then this obligation to be void," &c. The complaint filed in the circuit court is as follows: "Plaintiff sues to recover possession of the following tract or parcel of land, to-wit: lot, and storehouse on said lot number 47, on north side of Market street, in the city of Montgomery, of which said lot she was seized and possessed heretore, to-wit: on the first day of June, 1865, and

after said possession accrued, and while so possessed the defendants entered thereon, as tenants, until the first day of October, 1865, and after the expiration of their said lease or contract of renting, refused possession on demand, in writing, but unlawfully withholds and detains the same, together with $5,000, for the detention thereof."

"Plaintiff further sues to recover possession of lot and storehouse thereon, number 47, on north side of Market street, in the city of Montgomery, of which said lot and storehouse, plaintiff was seized and possessed, before the commencement of this suit, and after such possession accrued, and while she was so possessed, the same was rented by her to defendants, and until the 1st day of October, 1865 , and having so entered, after the expiration of their lease, they refused to surrender possession, but unlawfully withhold the same, together with $4,000, double the annual rent of said storehouse and lot, as aforesaid, and $1,000, as special damages by way of attorney's fees, and costs in this behalf." The defendants demurred separately to each count of the complaint, but the demurrer was overruled, and they excepted. As the bill of exceptions states, the plaintiff "introduced proof showing, that in June, 1865, she obtained possession, as executrix of Tenant Lomax, deceased, of the premises sued for, which had been in the possession of the federal troops, and much abused, and had rented the same, at private sale, through her agent, Stewart, in June, 1865, to George Sayre, who then was, or expected shortly thereafter to become, a partner with the said defendants, in carrying on business in said tenement, which renting was to terminate on the 1st day of Ooctober, 1865 ; the rent to be paid was at the rate of $65 per month ; that said defendants took possession under said contract for renting, and shortly thereafter, said Sayre notified said Stewart, as the agent of said plaintiff, that he was not a member of said firm ; and the said defendants continued their business in said house ; that before the first of October, 1865, defendants were informed that the premises were the property of the estate of Tenent Lomax, deceased ; that it was necessary to have the same rented at public auction, on the expiration of said term ; and it was shown

the same was put up at auction, and rented, about the 1st October, 1865, by Mason Harwell, auctioneer, to Patrick Robinson and another, at the price of $1,750, for the year commencing the 1st day of October, 1865, to be ended the 1st day of October, 1866 ; but the said Thomasson claimed that he had rented the place for said year last named, and held on to it until the 1st day of October, 1866, when it was delivered up to the plaintiff. It was further shown, that the rent which accrued previous to the 1st of October, 1865, to-wit : $65 per month, had been paid by the defendant, Thomasson, which sum, so received, had been returned as assets of the estate of said Tenent Lomax, deceased, by the said plaintiff, whose executrix she then was, to the probate court of Montgomery, which granted to her such letters testamentary. The defendants objected, when the plaintiff offered it, to so much of the foregoing proof, as tended to show a contract of leasing, or rent, by the plaintiff, as executrix of Tenent Lomax, deceased, to the defendants, or Sayre, for them, upon the ground that it did not tend to prove the renting set up by the complaint, which they insisted was an individual renting, but the court overruled the motion, and allowed said proof as above stated. Defendants also objected to the making of that portion of said proof as tends to show, that the land or lot was rented by plaintiff, as executrix, as aforesaid, to Robinson and another, at $1,750, upon the ground that it was irrelevant, and illegal, but the court admitted the proof, and the defendants excepted."

" It was also proved in this case, that the demand of possession, on which the suit was based, was made on the same day that the suit was commenced and possession refused by the defendants, but said demand was made on a previous hour of said day, to the issue of the warrant by the justice."

" Thereupon, the counsel for Spear & Thomasson asked the court to give the following several and separate charges, viz : 1. That if the jury believe from the proof in this case, that the store number 47, sued for in this action, was rented to the defendant by the plaintiff, as executrix of the last will and testament of Tenent Lomax, deceased, and

that at the time of such renting, the said plaintiff was such executrix, and held possession of said storehouse, as such executrix, and has returned the rent received by her for said house, as assets of said Tenent Lomax's estate, to the probate court, which granted to her letters testamentary on such estate ; then and in that case, the plaintiff can not recover in this action."

[The 2d, 3d, and 4th charges asked, are the same in substance, as the first.]

"5th. If the jury find the demand of possession was made on the same day the suit was brought, this is not sufficient, as the defendants were entitled to the whole of that day, within which to deliver the possession ;" which said several charges the court refused to give, and to the refusal of the court to give each of said charges, said defendants excepted.

The cause was submitted to a jury, and they brought in a verdict finding the defendants guilty as charged. The bill of exceptions thus proceeds : " And thereupon the the court being in doubt, as to whether, under the statutes, the court or the jury should assess the value of the rent of the premises, pending the appeal, stated to the defendant's counsel that they might elect whether the judge of the court or the jury should assess the value of said rent ; and thereupon the defendant's counsel replied, that in their opinion, neither the judge nor the jury could legally assess said rent in this cause, and objected to either of them doing it ; thereupon plaintiff's counsel moved the court to submit the assessment of the value of said rent to the jury, who had rendered the verdict in the cause, who had not then been discharged, or to another jury ; but thereupon the court decided, that the judge and not the jury, was required by the statute to assess said rent, and to this ruling of the court the defendants excepted. The court thereupon proceeded without a jury to assess the value of the rent of the premises pending the appeal," and after hearing proof on this question, the court adjudged the value of said rent was $2,500, and gave judgment accordingly ; to which ruling of the court, and the giving of judgment, the defendants Spear & Thomasson excepted. The judgment is

against these defendants, and their sureties on the appeal bond. They all appeal to this court, and assign as error the different rulings of the court, as above set forth.

CHILTON & THORINGTON, for appellants.—1. Proceedings of unlawful detainer are summary and statutory, and the law must be strictly pursued, and everything affirmatively shown by the record that is necessary to give the court jurisdiction.—*Jemison v. The Planters' & Merchants' Bank*, 17 Ala. 754; *Connoly v. Ala. & Tenn. R. R. R.*, 29 ib. 373; *Gunn v. Howell*, 27 ib. 663; *Commissioners Court of Talladega v. Thompson*, 18 ib. 694.

2. The Code defines unlawful detainer to be, " where one who has *lawfully* entered into possession of lands or tenements, *after the termination of his possessory interest*, refuses, on demand *in writing*, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney."— Revised Code, § 3300. It must appear that the *locus in quo* is within the county where the proceedings are instituted, (18 Ala. 694;) that defendants *lawfully entered ;* that demand of possession was made " *in writing ;*" that this demand was made after the termination of defendant's possessory interest, and was made by a person lawfully entitled to the possession thereof, his agent or attorney.

How many of these essential requisites appear in the complaint ? The first count no where avers that the land or premises are situated *in Montgomery county*. It states, " the defendants entered thereon as tenants, until the first day of October, 1865," but did they *lawfully enter as tenants*. As whose tenants ?—1 Chitty's Pl., mar. p. 302, 3. It may have been as tenants of some one claiming adversely to Mrs. Lomax. A tenant is one who holds or possesses land or tenements by any kind of title, either in fee, for life, for years or at will.—Bouv. Law Dic., Tit. Tenant.

It will be observed, that no *contract* or *agreement* is averred by which the relation of *landlord and tenant* was created between *plaintiff and defendant,* or any one else. It is averred, that " after the expiration of their *said lease or contract of renting ;*" whereas no such lease or contract of renting is averred. It is averred in the first count, that

demand in writing was made, but *by or for whom*, is not shown. It is averred that this demand was made after the expiration of their "said lease or contract of writing; as no such contract or lease is averred; as it is not shown who were the *parties contracting to and entering into* such lease or contract, how can the court know to whom the benefits of the contract are to enure? How can it be determined when it expired?

We are left to infer from the first count, that there was some sort of contract by which the defendants were to pay $5,000 for the detention of the land. It is averred that defendants "unlawfully withhold and detain the same." *But from whom?* Now this first count is *utterly defective* in the very first and most essential element of pleading—in this, that it fails to show *that any damage was done "to the plaintiff."* She sues and *she had possession*, but that *she* had any further relations with the defendants in regard to the land, is not averred in this count, and it is consequently defective, even construed according to the liberal interpretation of pleading as at common law.—1 Chitty on Pleading, marg. page 379.

The second count is clearly defective. We have shown what constitutes an unlawful detainer, and that there must be " a demand in writing." This is one of the constituent elements of the action of unlawful detainer. But there is not only a failure to aver " a demand in writing," but *no demand* is averred.

In *Stinson v. Gossitt*, 4 Ala. Rep. 170, the court say, that such demand is of the essence of the offense of unlawful detainer, and this court affirmed the judgment of the circuit court reversing the justice's judgment, because he allowed plaintiff to prove it.

The plaintiff must show a right to the possession. In this case, Mrs. Lomax never had the possession. It is shown that the possessory interest was in the estate of Tenent Lomax, and that she took possession *as such executrix*, rented by Stewart to Sayre, who turned it over to defendants, who paid the monthly rents ($65) to her as executrix, and that she returned the rent so paid to the probate court, as such executrix, and as assets belonging to

said Lomax's estate. Is there not then a clear variance between the allegations and proof ?—*Kennedy v. Hitchcock,* 4 Porter, 230. The estate being entitled to the possessory interest, Mrs. Lomax should have claimed it *as its representative,* so that we might have put her representative character in issue, and have shown that she was not such executrix when the demand was made. But the demand proved is not by her as executrix, but as an individual, thus bringing the case under the rule as laid down in 4 Por., *supra.*

3. The suit was brought the same day the demand was made. This was too soon. The party had all the day to deliver the possession, and no refusal to deliver could be predicated of his not delivering sooner. The general rule is, that a note can not be sued on the same day it falls due, the party having all that day to pay in'; there is more reason for applying the rule to a tenant, who requires time to remove his effects so as to give possession.

4. The charges which assert that if Mrs. Lomax, in her representative capacity as executrix, rented the land to defendants, that she could not maintain an unlawful detainer predicated upon such holding over in her individual right, should have been given.

An administrator or executor has nothing to do with lands, except as ordered by the will, or the law. The cases cited by the counsel for Mrs. Lomax, are all cases of *personal property,* where she counts on her prior possession, but they have nothing to do with land or its possession ; She and the parties who rented of her at *private* renting, were alike trespassers and liable to the heirs, and no action can be brought for holding over, by her, even as executrix, much less as an individual, for as an *individual* she has no possessory right, and no right to the large amount of damage adjudged in this case. No case warrants it.

5. Section 3313, Revised Code, provides for a bond for the payment of costs, while § 3314 is simply to pay the damages the appellee shall sustain by the appeal. In this case, *the bond does not provide for the payment of costs,* yet costs are adjudged against the sureties.

WATTS & TROY, *contra.*—1. As to the demurrer to the complaint. It was not necessary to aver in the complaint that the demand of possession was in writing, any more than it would be necessary to *aver* that a contract, required by the statute of frauds, to be in writing, was in writing.— *Martin v. Wharton,* 38 Ala. 637 ; *Ridgby v. Norwood,* 34 Ala. 129.

The *first* count does aver that the demand was in writing; and the *proof* shows that the demand was in writing.

2. As this suit is solely for the purpose of testing the right of *possession* and not of *title,* the executrix may well maintain suit, in her individual name, for the wrongful or forcible detainer.—*House v. Camp,* 32 Ala. — ; *Wyatt v. Rambo,* 29 Ala. 510 ; *Walker v. Lauderdale,* 17 Ala. 359 ; *Brown v. Beason,* 24 Ala. 466 ; *O'Neal v. Brown,* 21 Ala. Rep. 482. The action of unlawful detainer being purely *possessory,* any person who has been in possession can maintain the action against any other who holds under, or by collusion with one who holds under the first possessor. *Stinson v. Gossit,* 4 Ala. 170. In this case the executrix avers that she had been in actual possession of the premises, and whilst so possessed, she had rented to Sayre ; and with his and her consent the defendants Spear & Thomasson came into possession as tenants.

3. As to the charges asked and refused. The 1st, 2d, 3d and 4th charges present only one point. That these charges were properly refused, see the cases cited under the second point made in this brief. These authorities settle the principle that the representative who has been in *the actual possession* of property belonging to the estate, may recover against a wrong-doer in her individual name. The case of *Golding v. Golding,* 24 Ala., on p. 129, holds that an administrator may recover in an action of ejectment even. A mere trespasser who is in possession, may recover against one who disturbs him in his possession. In this case the executrix was in the actual possession, and sues those who went into the possession under her, and now unlawfully retain possession obtained from her.

4. The fifth charge should not have been given. The defendants were holding over unlawfully at the time the

demand was made, and refused absolutely and unqualifiedly to deliver it on demand in writing. They were sued *after* this demand, though on the same day. The law gave them, (wrongdoers as they were,) no time after the demand to deliver the possession, and especially were they entitled to no time after an absolute and unqualified refusal to deliver possession.

5. The only other questions arise on the action of the court *after* the verdict and judgment on it were rendered for plaintiff for the premises. If the court erred in this matter, the judgment for the recovery of the premises can not be disturbed.

BYRD, J.—In conformity to a rule of this court, we will notice those assignments of error insisted on as a ground of a reversal, in the argument of the counsel for appellants ; and we will proceed to do so in the order presented therein.

I. It is insisted that the court erred in overrulling the demurrer to the first count of the complaint, and for several reasons : 1. That there is no averment as to the location of the land. If it were necessary to aver that the land is in the county, the court would take judicial notice that the city of Montgomery is in the county of Montgomery. 2. That it does not " show the defendants were tenants of the plaintiff." It is averred the plaintiff was in possession of the land, " and while so possessed, the defendants entered thereon as tenants, until the first day of October, 1865." In our opinion, this is a sufficient averment under the Code to sustain this action, so far as that question is concerned. The relation of landlord and tenant between the plaintiff and defendants, is not indispensable to the maintainance of this action.—Revised Code, § 3300. 3. That ".it fails to set out or aver any lease or contract establishing the relation of landlord and tenant between the plaintiff and defendants." We do not think it necessary to the sufficiency of a complaint in a case of unlawful detainer, to set out or aver the lease or contract establishing the relation of landlord and tenant between the parties.—Code, § 3300. 4. That " it fails to show any demand made in writing by the

plaintiff to the defendants for the possession of the premises sued for." It is averred that the defendants "refused on demand in writing." It is not expressly stated that a demand was made by the plaintiff, but in accordance with the rules laid down in the Code as to pleadings, we think that the averment is sufficient, though barely so.—*Ferguson v. Carter*, 40 Ala. 607. 5. That "it fails to show that the defendants held over any term granted to them by the plaintiff." This objection is answered by what has already been said. 6. That "it fails to show that said premises were unlawfully detained from the plaintiff." This was also not well taken.—40 Ala. 610. The counsel rely on references to Chitty on Pleadings to sustain these several grounds of demurrer, and I think some of them sustainable upon the established rules of pleading at common law, but the Code has made a serious and radical innovation on the rules of pleading as taught by Chitty, Gould, Stephens and Saunders. And we sustain the first count of the complaint, upon the objections made to it in the court below, expressly upon the authority of the Code.—Revised Code, §§ 2629, 2630 ; form for ejectment, Revised Code, p. 677.

II. There are two objections made to the second count. 1. That "there is no demand of possession averred to have been made." Upon the authority of the case of *Steinson v. Gossett*, 4 Ala. 170, we hold that the court erred in not sustaining this objection to the second count. It avers a refusal of defendants to deliver possession of the premises, but it does not aver that a "demand in writing to deliver the possession thereof to any one lawfully entitled thereto," was made. It is of the essence of an unlawful detainer that possession is refused on demand in writing.

The complaint filed in the justice's court seems to be more definite than the complaint filed in the circuit court, and we can not see why the case could not have been tried *de novo* on the former complaint. But as the parties preferred to try it on the latter, and it being defective, and objection having been taken in the court below thereto, and overruled by the court, notwithstanding the sufficiency of the first complaint, and the first count of the second complaint, it is our duty to reverse the cause for the insufficiency

of the second count, for it may have been that the verdict and judgment were rendered on that count. 2. That " the second count is also liable to most of the objections taken to the first." This point is made in the brief of counsel in this court, but the record does not show that it was made in the court below.

III. The next point made by appellant's counsel is, that the suit being in the individual character of the appellee, she can not recover on her possession *as executrix* of Tenent Lomax, deceased.

The bill of exceptions does not purport to set out all the evidence introduced on the trial, and we are unable to determine what authority or power the will of the decedent conferred on his executrix, *if* there was a will, and she appointed to execute it. Be this as it may, we will proceed to pass upon the question as though the will was silent as to the lands of the testator, and she left to her authority under the law. By statute the personal representative is authorized to rent out the lands of the decedent, and may therefore maintain an action of ejectment to recover them. *Golding v. Golding's Adm'r*, 24 Ala. 122; *Batton et al. v. Crow*, 26 ib. 426.

As an action of unlawful detainer is founded on the plaintiff's possessory right, and the lawful possession of the defendant, and the wrongful holding over of the latter after the expiration of his possessory interest, and a demand in writing of the possession by the former, and as the question of title can not arise in the action, (*Russell v. Desplous*, 29 Ala. 308,) it would seem, upon principle, to follow that a personal representative who had met all the requirements of the law, in order to entitle him to maintain an action of unlawful detainer, could do so either in his representative or individual character. Such has been the doctrine of this court as to the recovery of chattles, where the personal representative had previously held possession of the chattles sued for. And we can perceive no valid reason why the same rule should not be applicable to an action of unlawful detainer, where the personal representative had been in actual possession of the land.—*Sims v. Boynton*, 32 Ala. 353; *Lomax's Exr's*, 597, mar. p. 371, *et seq.*

IV. Appellants insist that the court erred in allowing proof " to show a contract of leasing or rent by the plaintiff as executrix of Tenent Lomax, deceased, to defendants or Sayre," against the objection of the appellants—although an objection was made to the proof, yet no exception or objection was taken to the ruling of the court.— *Gager v. Doe, ex dem. Gordon,* 29 Ala. 341.

V. That portion of the testimony objected to which tended to show " that the land or lot was rented by plaintiff, as executrix as aforesaid, to Robinson and another, at $1,750," if in any part legal, was properly not excluded on the objection made. We think that the price brought at public outcry, at or about the time of the expiration of the possessory interest of the defendants, would have been a circumstance for the jury to consider in arriving at the value of the rent. So much, therefore, was admissible evidence for the appellee under the other facts shown by the record.— *Ward v. Reynolds,* 32 Ala. 384 ; *Foster v. Rogers,* 27 ib. 606.

VI. It is insisted by counsel for appellant that the suit was prematurely brought, having been commenced " the same day the demand was made." We do not think so. If the lease had expired on the last day of September, the demand was properly made and suit brought, on the ninth day of October.—Parsons on Notes and Bills, 460, 463, and notes.

VII. From what has been said, the court did not err in refusing to give the first charge asked, and so of all the other charges. The court, under the evidence, properly refused to give them.

VIII. The jury should have assessed the value of the rent, and on motion, the court should have rendered a judgment for the same against the parties liable therefor. This course is in consonance with the principles of the common law and constitutional provisions, and the Code is not so explicit as to require us to hold, that the judge and not the jury should assess the value of the rent. Such questions in courts of common law are almost, if not invariably, within the province of the jury ; and to authorize a court to take them from the jury, the law should be clear and

imperative.—See opinion of Best, C. J., in *Looker v. Holcomb*, 4 Bing. R. 188 ; Sedg. on Stat. & Const. Law, 313 ; *Bruce, Adm'r, v. Barnes*, 20 Ala. 219.

IX. The appeal bond in this case does not cover costs, as required by section 3313 of the Code, and therefore no judgment for costs can be rendered on it by the circuit court. But the bond substantially conforms to section 3314 of the Code, and a judgment may be rendered thereon against the obligors jointly for whatever amount the sureties are liable under the evidence, and sections 3314 and 3316 of the Code, to be assessed by the jury.

Judgment reversed and remanded.

JUDGE, J., not sitting.