# Wray *v.* Taylor.

## *Action for Forcible Entry and Unlawful Detainer.*

1. *What possession will support action.*—A person who, not having had pos-
session for several years, unlocks the door of a house, and enters under claim
of ownership, during the temporary absence of the person who has had the
uninterrupted possession during that time, and of the tenant to whom he has
agreed to rent it, both of them having then removed a portion of their furni-
ture; and locks and nails up the house on retiring, leaving his coat and pocket
book within, and forbidding entrance to the tenant, who had returned in the
meantime, and who immediately was put in possession by his landlord,—has
not such possession as will support an action for forcible entry against the
tenant.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. L. B. STRANGE.

This action was brought by George R. Taylor, against
Frank Wray, and was commenced before a justice of the
peace.   The case having been taken by appeal to the Cir-
cuit Court, the defendant there pleaded not guilty, and that
he and those under whom he held had been in quiet posses-
sion of the premises for more than three years.   On the
trial, under the several rulings and charges of the court, the
plaintiff had a verdict and judgment; and these rulings and
charges, to which exceptions were reserved by the defend-
ant, are now assigned as error.   The material facts are sta-
ed in the opinion of the court.

ULYSSES LEWIS, for appellant.

J. & J. M. FALKNER, *contra.*

STONE, J.—The testimony in this record leaves it in dis-
pute, whether the tenement, which is the subject of the con-
troversy, was erected by George R. Taylor, the appellee, or
by Jerry Taylor, his brother, now dead.   The construction,
most favorable to appellee, which it will allow, is, that Jerry
Taylor, who was a married man, and Geo. R. Taylor, lived
together in the house for about two years—say from 1858 to
1860.   Geo. R. testifies, that during this time his brother
boarded him, for the privilege of occupying the house.   At
the end of said two years, George R. went away, and did
not afterwards make that house his home, though he made
frequent visits there.   Jerry Taylor continued to reside in

the house until his death, in 1864 or 1865; and his widow continued to occupy the house, and in September, 1866, was married to Robertson, with whom she lived, in the house, until November, 1871, except that one year in the time they had let it to rent, retaking possession at the end of the year. In November, 1871, Robertson and wife agreed to let the premises, for one year, to Frank Wray, the appellant; commenced moving their furniture on the 15th, and had not removed all their household goods on the 17th. The house was locked up, and the key under the control of Mrs. Robertson, ready to be delivered to Wray. Wray, on the 17th, had carried one load of furniture, and placed it in the yard, and was gone for another; and when affairs were in this condition, George R. Taylor came on the premises, and having a key that would unlock the house, he entered, deposited his coat[1] and pocket-book therein, locked and nailed up the house, and remained outside. Shortly afterwards, Wray arrived, with another load of furniture, and was then forbidden by George R. to enter. Wray went for Mr. Robertson, and, failing to find him, brought Mrs. Robertson, who opened the house, and Wray thereupon entered and carried in his furniture, against the protest and objection of Geo. R. Taylor.

There was testimony tending to show that no rent was ever claimed by, or paid to Geo. R. Taylor, unless his said board for two years was rent; that he never asserted claim to the property, till said 17th November; that Jerry Taylor, his widow, and Robertson, successively paid the taxes on the property, during all the time it was so occupied; and that after Robertson and wife had agreed to let the house to Wray, Geo. R. Taylor applied to them to take the house on rent, offering to pay as much as any one else would; but that they would not let him have it, in consequence of their prior contract with Wray.

The foregoing is a substantial statement of the testimony, tending to show possession in Geo. R. Taylor, on which he relied for a recovery in this case. The statute, defining the scope of inquiry in cases of forcible entry and detainer, declares, that "the estate, or merits of the title, can not be inquired into on the trial of any complaint exhibited under this article," and that "the uninterrupted occupation of the premises in controversy by the defendant, for the space of three entire years preceding the exhibition of the complaint, is, if the estate of the defendant is not determined, a bar to any proceeding under this article."—Rev. Code, §§ 3301, 3308.

In *Russell v. Desplous*, 29 Ala. 308, this court said, "A possession, which existed some years antecedent to the wrong

[Irion et al. v. Lewis.]

done, is not sufficient. The action is designed to redress a wrong done to the actual, existing possession, which the legislature supposed required more immediate and speedy relief than could be obtained through the ordinary forms of judicial proceeding." See, also, *Singleton v. Finley*, 1 Porter, 144; *Clark v. Stringfellow*, 4 Ala. 353; *House v. Camp*, 32 Ala. 541; *Townsend v. Van Aspen*, 38 Ala. 572; *Spear v. Lomax*, 42 Ala. 576.

It is manifest that the possession, on which plaintiff relied for a recovery in the court below, was what took place on 17th November, 1871. We think the legislature intended something more substantial and real than that. The quiet and repose of the home—security from intrusion into what the law dignifies with the name of castle—these, in large degree, constitute the great underlying policy on which this whole class of legislation rests. It was never designed that this wholesome enactment should furnish the machinery for the perverted use attempted in this case. We think the testimony in this record fails to disclose an interval between the possession of Robertson and wife, and Wray, their tenant. There was, therefore, no time when Geo. R. Taylor could enter, without himself committing a forcible or unlawful entry. Hence, we hold, that he failed in the first fundamental condition of his right to recover.—See *Rochelle v. Harrison*, 8 Por. 351.

It is unnecessary that we apply these principles to the several rulings of the Circuit Court. Several of the charges asked and refused should have been given.

Reversed and remanded.