# Clements *v.* Hays.

*Action for Forcible Entry and Unlawful Detainer.*

1. *What possession will support action.*—To maintain an action of forcible entry and detainer, the plaintiff must show his prior actual pos-

session, as distinguished from the constructive possession which the law attaches to the legal title.

2. *Possession, actual and constructive.*—When a person is in actual possession of a part of a tract of land, his possession does not extend by construction to the other portions, unless he holds under a deed, or other color of title to the whole, and there is no antagonistic possession to any part.

3. *What possession will support action.*—Where the plaintiff shows no deed, or other color of title, the fact that he had made a partial survey of the lands, running certain lines, but without staking off the land, is not sufficient proof of actual possession; and the fact that he had given permission to other persons, on several occasions, to burn lime on an undescribed portion of the lands, with wood obtained elsewhere, is not sufficient to show actual possession of any particular part of the land; but a recovery may be had for the portion of land covered by an uncompleted log-house, on proof that it was erected by a workman employed by him, notwithstanding a temporary suspension of the work before the completion of the house.

4. *Presumption as to continuance of possession.*—Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proved.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JAMES E. COBB.

This action was brought by the appellants, as the executors of the last will and testament of Rufus H. Clements, deceased, against Elisha T. Hays, to recover the possession of a tract of land containing 320 acres, which was part of section sixteen (16), township twenty-two (22), range seven (7) west; and was commenced before a justice of the peace, on the 22d June, 1882. The complaint in the justice's court contained only a count for forcible entry and unlawful detainer, but in the Circuit Court, to which the case was removed by the plaintiffs, a count for unlawful detainer was added. On the trial in the Circuit Court, as the bill of exceptions recites, "it appeared that the lands sued for were uncleared, and were not inclosed by a fence or other inclosure. The plaintiffs offered to prove, by parol, that they, as such executors, were in possession of certain lands in said county, holding and cultivating the same by their tenants; and that the lands here sued for were adjoining to the said lands so held and cultivated by them, and constituted a part of the same tract of land. The defendant objected to the admission of this evidence, and the court sustained the objection; to which ruling and decision the plaintiffs excepted."

The plaintiffs proved, also, "that in the life-time of their testator, and by his permission, certain parties had gone on a portion of the lands now in controversy—viz., the north-east quarter of the north-west quarter of said section—and had burned lime there, from rocks found thereon, and had paid said testator a part of the lime so made for the privilege of so

burning it; also, that during the years 1876, 1877, and 1878, by their permission as such executors, parties had in like manner burned lime on said lands, and had paid them for such, privilege a part of the lime so made; but no wood for this purpose was taken from the said lands, but only the rocks were gathered and burned on the land with wood gotten elsewhere; that the signs of these burnings remained; also, that said plaintiffs, about three years ago, procured a surveyor to run certain lines, as follows: commencing at the north-west corner, and running south one-half mile, then commencing at said north-west corner, and running east one-half mile to a corner, and then some distance south from said east corner; that there was an interruption by rain in running these lines, and the work was not completed, but stakes were driven at the said corners above mentioned; that said east line was afterwards run far enough south to determine that a certain house, hereinafter mentioned, was on the south-west quarter of the northeast quarter of said lands; and that defendant at one time told plaintiffs, while they were going to look after the lands in controversy, that he would tell them if he saw any one trespassing on their lands. The plaintiffs proved, also, that in November, 1881, they employed one Mink to build a house on the southwest quarter of the north-east quarter of said section; that said Mink went on said land under said employment, and commenced to erect a log-house on said land, and put up the body of the house, and a frame for dirt chimney, and put down a plank floor, and nearly covered the same, and put boards enough in the house to complete the covering; that he quit working thereon because of sickness in his family, and returned to the house, some six or eight weeks afterwards, to resume his work, but found that some one had finished the same, and had put things in the house, and had fastened up the door; and it was afterwards ascertained that this was done by the defendant. The plaintiffs proved, also, that the defendant was in possession of said house before and at the commencement of this suit, claiming to hold and own the whole of the land in controversy; and that they had served on said defendant, before the commencement of this suit," a written notice and demand for the surrender of possession.

The plaintiffs asked the following charges to the jury: (1.) "If the jury believe, from the evidence, that the plaintiffs were exercising habitual and continuous acts of ownership over the north-east quarter of the north-west quarter of said section, by having lime burned thereon, showing a disposition to control it, and that such acts were open, notorious, and demonstrative of their adverse intention; then plaintiffs are entitled to recover said tract of land in this action." (1.) "That the

[Clements v. Hays.]

plaintiffs can prove by parol that the lands sued for in this action were part of a body or tract of land, a part of which was cleared and in cultivation; and that if the jury believe, from the evidence, that the lands here sued for are a part of such a body or tract of land, of which the plaintiffs had the possession, and which was in part cultivated by them; then the plaintiffs are entitled to recover in this action." (3.) "Whenever it is clearly established that a person is in possession, in a contest over the possession, the law presumes that possession continues until it otherwise appears from the proof in the case." The court refused each of these charges, and the plaintiffs duly excepted to their refusal.

The refusal of the several charges asked, and the exclusion of the evidence to which exception was reserved, as above stated, are now assigned as error.

J. M. MARTIN, with SUTTLE & PETERS, for appellant, cited *Lecatt v. Stewart*, 2 Stew. 474; *Singleton v. Finley*, 1 Porter, 144; *Jackson v. Porter*, 1 Paine, C. C. 458; *Anderson v. Darby*, 1 N. & McC. 396; *Brandon v. Grimke*, 1 N. & McC. 357; 1 Ser. & R. 111; *Davidson v. Beatty*, 3 Har. & McH. 621; *Hammond v. Ridgeley*, 5 Har. & J. 264; *Machin v. Geortner*, 14 Wend. 239; *Penn v. Preston*, 2 Rawle, 14; *Ladd v. Dubroca*, 45 Ala. 421; *Plank-road Co. v. Webb*, 27 Ala. 618; *Powell v. Knox*, 16 Ala. 364; *Garner v. Green & Elliott*, 8 Ala. 96.

WOOD & WOOD, *contra*, cited *Russell v. Desplous*, 29 Ala. 308; *Irion v. Lewis*, 56 Ala. 190; *House v. Camp*, 32 Ala. 541; *Townsend v. Van Aspen*, 58 Ala. 572; *Spear & Thomason v. Lomax*, 42 Ala. 576; 9 Ala. 507; 3 Ala. 127.

SOMERVILLE, J—The action of forcible entry and detainer can be sustained only by proof of an *actual* possession of the premises sued for, held by the plaintiff prior to the unlawful entry made by the defendant. It can not be sustained by showing a mere constructive possession, or such as the law imputes to the owner of the legal title.—*Houston v. Farris*, 71 Ala. 570; *Womack v. Powers*, 50 Ala. 5; *Russell v. Desplous*, 29 Ala. 308. The forcible entry, therefore, of the owner himself, may constitute an unlawful invasion of the actual possession of a stranger who is a trespasser.—Trial of Titles to Land (Sedgw. & Wait), § 94.

The tract of land, for the possession of which this action was instituted, embraces about two hundred acres, which is shown to have been unimproved, uncultivated, and uninclosed. The plaintiffs showed no written evidence of title, or color of title.

They showed title and actual possession, however, of *adjoining* lands, and proved certain facts which, they insisted, are sufficient evidence, in connection with their claim of title, to raise a presumption of actual possession by them of the particular tract sued for in this action.

We may observe, in advance, that there is no room in this case for the application of the principle, that where one is in actual possession of a portion of a given tract of land, he will sometimes be held in law to be in possession of the remainder. This rule never applies, unless the occupant holds under deed, or other *color of title*, and there is no antagonistic or adverse possession. The deed, or other paper title, is important to define the extent or boundaries of his claim and possession. *Bell v. Denson*, 56 Ala. 444; *Bohannon v. The State*, 73 Ala. 47, and cases cited, p. 50; Trial of Title to Land (S. &. W.) §§ 728, 768; *Farley v. Smith*, 39 Ala. 38.

In the absence of any color of title on the part of the plaintiffs, it is very clear that actual occupancy by them, or their agents, was not shown by the fact that they had previously made a partial survey of these lands, which was providentially interrupted before completion. This was done by running certain lines, without staking off the land.—*Sanky v. Noyes*, 1 Nev. 68; *Thompson v. Burhaus*, 79 N. Y. 93; *Crosby v. Pridgen*, at present term; *Childress v. Calloway*, ante, pp. 128–32. The same may be asserted as to the permission given by plaintiffs, and their testator, to certain parties, three or four different times, to burn lime on an undescribed portion of these lands, the wood used in the burning being obtained elsewhere. If these acts should be held to show actual occupancy, or possession, it could not be held to cover the whole of the tract in controversy. How far we should limit such alleged possession, we have no means of knowing from the evidence, nor could the jury know with any degree of certainty.

It is our opinion, however, that the plaintiffs showed actual possession of the log-house which was in process of construction on these lands. The workman who was employed to build this house must be regarded as the servant of the plaintiffs for this purpose, and his possession was their possession, just as fully as the possession of the tenant is that of the landlord; or of an agent, authorized to occupy, is that of his principal. The temporary cessation of the work by the builder was not an abandonment of his possession. In this aspect of the case, the last charge requested by the plaintiffs was improperly refused by the court. Possession is a fact ordinarily continuous in its nature, and when once established by proof, it must be presumed to continue until a different presumption is raised by contrary proof.—1 Greenl. Ev. (14th Ed.) § 41, and note *b*; *M. & W.*

[Waldrom v. Waldrom.]

*Plank-road Co. v. Webb*, 27 Ala. 618; *Powell v. Knox*, 16 Ala. 364. The evidence tended to show that the plaintiffs were entitled to recover the log-house, and the land upon which it immediately stood, and the jury were authorized to award them this recovery under the complaint. The refusal of the charge in question was, therefore, error. The other rulings of the court are, in our opinion, free from error.

Reversed and remanded.