# Reese v. Reaves *et al.* for the Use, etc.

*Statutory Action in the Nature of Ejectment.*

1. *Amendment of complaint.*—Where a statutory action in the nature of ejectment is brought to recover lands held adversely by defendant, the complaint, if brought in the name of the grantee, cannot be amended by adding as parties plaintiff the grantors in deed under which plaintiff claims title.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

The facts of the case are sufficiently stated in the opinion.

JOHN G. FINLEY and CHAS. P. JONES, for appellant, cited *Caldwell v. Smith*, 77 Ala. 164; *Dane v. Glennon*, 72 Ala. 160; 85 Ala. 112; Code of 1896, § 29.

HARMON, DENT & WEIL, *contra.*—Adverse holding at the time of conveyance does not prevent grantee suing in the name of the grantor.—*Pearson v. King,* 99 Ala. 125. (2.) No violation of the statute of amendment where real beneficial party amends by adding the name of grantor.—*Johnston v. Martin,* 54 Ala. 271; *American Union Tel. Co. v. Daughtry,* 89 Ala. 191; *Pearson v. King, supra.* (3.) Defendant in ejectment is estopped to deny title of plaintiff claiming under him. *Byers v. Rodabaugh,* 17 Iowa 53; *Ware v. Dewberry,* 84 Ala. 568; 11 Am. & Eng. Ency. Law (2d ed.), 405.

TYSON, J.—This was a statutory action in the nature of ejectment. On the trial, it was developed by the evidence, that when the deed, under which the plaintiff derived title was executed, the defendant was in the adverse possession of the land sued for. The deed, though operative and valid between the parties to it, was void as against the defendant.—3 Brick. Dig., 18, § 51. To avoid the effect of the defendant's adverse possession, the plaintiff, against the objection of defendant, was allowed to amend his complaint by adding as parties plaintiff, J. H. Reaves and Mattie Reaves, who were his grantors in the deed under which he (plaintiff) claimed to have derived title, for the use of, etc. Thus changing the action to one by J. H. Reaves and Mattie Reaves for the use of Samuel Kaufman.

Section 29 of the Code reads as follows: "In all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary must be considered as the sole party on the record."

In *Dane v. Glennon,* 72 Ala. 160, and *Caldwell v. Smith,* 77 Ala. 157, it was held that this statute and the one preceding it (section 28) requiring actions on certain contracts therein designated to be prosecuted in the name of the party really interested whether he has the legal title or not, have no application to suits in ejectment. It was further held in *Dane v. Glennon, supra,* which was a statutory action of ejectment brought by Glennon against Dane, that the words "for the use

of Price Williams," were mere surplusage and that the real party plaintiff was Glennon and not Williams.

The case of *Johnson v. Martin*, 54 Ala. 271, was an action upon a judgment. It was commenced in the name of the assignee, the beneficial owner, and an amendment was allowed by adding the names of the assignors, who were the holders of the legal title, as parties plaintiff for the use of the assignee, the original plaintiff. It was held that the amendment was proper, since under the statute above quoted, the beneficiary is considered as the sole party on the record, and the assignors were merely nominal plaintiffs. It is clear that this case and others of the same nature and class are not in conflict with the principles declared in *Dane v. Glennon* and *Caldwell v. Smith*.

It is also contended by appellee that *Pearson v. King*, 99 Ala. 125, is authority for allowing the amendment. That was a common law action of ejectment. No question of amendment of the complaint was involved. The main points discussed were the rights of the plaintiff to lay a demise in his grantor and to revive (his grantor having died after suit brought) as to that demise, in the name of his heirs at law and personal representative.

To permit the amendment in the case under consideration, would be to violate the statute of amendments forbidding the making of an entire change of parties. For, manifestly, if J. H. and Mattie Reaves were, by the amendment, made the real parties plaintiff and the words "for the use of Samuel Kaufman" are mere surplusage, of necessity, Kaufman as party plaintiff was eliminated and an entire change of parties plaintiff was wrought. The amendment was improperly allowed.

Reversed and remanded.