# Downs v. Bailey.

## Action of Detinue.

1. *Action of detinue; presumption as to possession.*—Possession be-
ing a fact continuous in its nature, when its existence is once
shown, it will be presumed to continue until the contrary is
proved; and in an action of detinue, where the plaintiff proved
that three days before the institution of the suit the defendant
was in possession of the property sued for, and there is no
evidence showing that the defendant had parted with said
possession before the institution of the suit, the fact of pos-
session by the defendant of the property sued for, at the date
of the istitution of the suit, will be presumed, entitling the
plaintiff to maintain said action.

2. *Same; assessing value of property in controversy.*—In an action
of detinue to recover several articles of clothing, where the
jury in rendering a verdict for the plaintiff does not assess
the value of each article of clothing separately, but assesses
the value of each class or kind of articles separately, this is
sufficient; no difference being shown in the quality of the ar-
ticles composing each class or kind.

3. *Same; effect of remittitur of part of judgment which is in ex-
cess of jurisdiction of justice of the peace.*—Where, in an ac-
tion of detinue commenced before a justice of the peace, an
appeal is taken to the circuit court from a judgment in favor
of the plaintiff, and in the circuit court a judgment is rendered
assessing the aggregate of the value of the articles sued for
at a sum greater than that which limits the jurisdiction
of the justice of the peace, but after rendition of such judg-
ment the plaintiff remits a part of the judgment so recovered,
thereby bringing the judgment within the limit of the juris-
diction of the justice, the defendant can not complain; and the
fact that the judgment originally rendered was in excess of the
limit of the justice's jurisdiction, does not warrant a reversal.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This was an action of detinue brought by the appellee,
May Bailey, against the appellant, Kate Downs, to re-
cover possession of one trunk and its contents, together

with the value of the use thereof during detention, and was commenced in a justice of the peace court. In the court of the justice of the peace, judgment was rendered for the plaintiff for the property sued for, and assessed the alternate value of the several articles, making in the aggregate $83.50. From this judgment an appeal was taken to the circuit court. In the circuit court the plaintiff testified, as a witness in her own behalf, that prior to the bringing of this suit she occupied a room in the house of the defendant; that when she left the defendant's house she left her trunk and its contents in the room which she had occupied; that subsequently she demanded the trunk and its contents of the defendant, who refused to permit her to have it and refused to deliver it to her; that three days before the institution of the suit, the trunk and its contents sued for were in the possession of the defendant. Upon the cross-examination of the plaintiff, as a witness, she testified that at the time she brought the suit she did not know whether or not the defendant had it at the time of the institution of the suit, but that the defendant had the trunk and its contents in her possession three days before the suit was instituted. The articles contained in the trunk were dresses and other garments of woman's apparel; and it was shown by the evidence what were the value of the different articles. This was all the evidence, and the court, at the request of the plaintiff, gave the general affirmative charge in her behalf, to the giving of which charge the defendant duly excepted. The jury returned a verdict for the plaintiff for the trunk and its contents, setting out each of the articles contained in said trunk; and also assessed the value of the trunk and of the several articles of clothing as follows: "1 trunk, $11.00; 3 wrappers, $15.00; 1 black silk skirt, $12.00; 16 yards dress pattern, $12.00; 1 purple E. dress, $15.00; 1 walking skirt, $8.00; 6 chemise, $9.00; 4 shirt waists, $8.00; 25 towels, $5.00; 3 dressing sacques, $4.00; total, $99.00."

Upon this verdict judgment was rendered for the plaintiff for the property sued for, or the alternate value thereof, as specified in the verdict, aggregating the value of $99.

[Downs v. Bailey.]

The defendant subsequently filed a motion to set aside the verdict and judgment, and to grant a new trial upon the following grounds: "1. Because said verdict is void. 2. Because said verdict fails to ascertain and set out separately the value of each of the articles sued for. 3. Because said verdict is contrary to the evidence. 4. Because said verdict is in excess of the jurisdiction of a justice of the peace." Upon the hearing of this motion the plaintiff's attorney moved the court to be allowed to remit from the verdict and judgment one dress of the value of $15 and three dressing sacques of the value of $4. The defendant objected to the plaintiff being allowed to remit said property and its value. The court granted the motion of the plaintiff to remit said items and the assessed value thereof, and to this action of the court the defendant duly excepted. After the plaintiff did so remit said items of the property or the assessed value thereof from the verdict and judgment, the court overruled the defendant's moton for a new trial; and to this action of the court the defendant duly excepted. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN W. A. SANFORD, JR., for appellant.

HILL & HILL, contra, cited 1 Greenleaf on Evidence (13th ed.), § 41; Townsend v. Brooks, 76 Ala. 311; L. & N. R. R. Co. v. Barker, 96 Ala. 437.

TYSON, J.—Action of detinue. It is true the plea of non detinet put in issue the fact of possession by defendant of the property sued for at the date suit was brought, and imposed upon the plaintiff the burden of establishing that fact.—Berlin Machine Works v. Ala. City Furniture Co., 112 Ala. 848. The evidence showed, without conflict, that the property sued for was in the possession of the defendant three days before the suit was commenced. "Possession is a fact ordinarily continuous in its nature; and when once established by proof, it must be presumed to continue until a different presumption is raised by contrary proof."—Clements v. Hays, 76 Ala. 280; 22 Am. & Eng. Ency. Law (2d ed.), p. 1242.

The general affirmative charge given at the request of the plaintiff was proper.

Under the principle announced in *Townsend v. Brooks,* 76 Ala. 308, and *Haynes v. Crutchfield,* 7 Ala. 189, 200, there was no error in overruling those grounds of the motion for a new trial based upon the failure of the verdict of the jury to assess the value of each article of clothing sued for. The articles valued in lump belong to the same class and no difference is shown by the evidence in the quality, color, etc.

Assuming, without deciding, the meritoriousness of the objection to the verdict and judgment on account of its being in excess of the jurisdiction of the justice of the peace before whom the case was originally brought, it is clear to us . that the *remittitur* by the plaintiff cured the defect.—*Pruett v. Stuart,* 5 Ala. 112.

.Affirmed.