# County of Montgomery *et al. v.* Montgomery Traction Co.

## *Bill in Equity for an Injunction.*

1. *Procedure in Supreme Court; when issue involved no longer material; appeal properly dismissed.*—When, pending an appeal in the Supreme Court, the issue involved in the suit and determined by the trial court becomes, by virtue of an act of the legislature passed after the institution of the suit, no longer a question in the case, and the rights of the respective parties can not be affected by a decision of the question presented on appeal, it is proper for the court to dismiss such appeal.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. WILLIAM L. PARKS.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

JOHN G. FINLEY, CHARLES P. JONES and FRED S. BALL, for appellant.

GRAHAM & STEINER, *contra.*

McCLELLAN, C. J.—This bill was exhibited by the Montgomery Traction Company, against the County of Montgomery, the Board of Revenue of said county, and the members of said board individually. Its object was to enjoin said county, its officers and agents from interfering in any way with complainant's street railway track

on and extending along "South Perry street from the southerly limits of the city of Montgomery south to Felder street." To this end it is averred in the bill that the Board of Revenue of said county in November, 1902, granted complainant the right to construct and operate such railway between the city of Montgomery and Felder street along South Perry street; that the same was soon after constructed and has since been operated by complainant; that on August the 10th, 1903, the Board of Revenue, claiming that complainant had not complied with the conditions of said grant in the manner of constructing said railway and in respect of certain betterments and the maintenance of the roadway over which the railway was constructed, in terms, revoked and rescinded its grant to complainant and ordered complainant to take up and remove its track from said roadway under penalty of having the same removed by said board, and that said board was about to proceed to remove said track, to the irreparable damage, etc., etc., of complainant. The preliminary injunction was decreed and issued in accordance with the prayer of the bill. The respondents answered the bill, and thereupon moved to dissolve the injunction on the grounds: 1, That there is no equity in the bill; and 2, Upon the denials of the answer. This motion was overruled, and from the decree in that behalf the present appeal is prosecuted.

By an act approved February 23, 1903, to take effect on October 1st, 1903, the *locus in quo* was taken out of the jurisdiction and control of the Board of Revenue of Montgomery county, and incorporated in the territorial limits of the city of Montgomery, that act providing that the corporate limits of said city shall be extended so as to include along with other theretofore outlying territory—all of South Perry to and several hundred feet beyond Felder street. We take cognizance of this act, and, therefore, judicially known as the tract of complainant which the Board of Revenue threatened to remove is and, since October 1st, 1903, has been in the city of Montgomery, and that the street over and along which it is laid is and since said date has been in the exclus' jurisdiction and control of said city. The county is :

[Kempe, Judge, etc. v. Irwin.]

without power to interfere with said track, whatever its original rights may have been. It has never asserted any right in the premises except as incidental to its duties and powers in respect of public roads outside of the city. It is not to be assumed that it will now seek to change its attitude and base its claim of right in the premises upon any other theory; there being no other to support any claim in any degree. If this injunction were dissolved the respondents could not proceed in the matter at all. Of course, if the injunction should be continued by an affirmance of the decree below, the county would be clearly forestalled in the premises. It is apparent, therefore, that the issue presented by the bill and answer and determined preliminarily on the motion to dissolve is no longer in the case, and there is nothing to be accomplished by a decree here on the merits of the issue that was at one time in the case. The case, in short, has become a moot case; there is no occasion or necessity for a judgment here, and no end to be accomplished by any judgment we might render; and we, therefore, decline to consider the case as now presented on its original merits.—2 Cyc. of Law & Pro., pp. 533, *et seq.*

Let the appeal be dismissed.