# Hammond Brothers & Co. v. Lusk.

## Detinue.

(Decided April 11, 1907. 43 So. Rep. 573.)

*Detinue; Verdict; Value of Property.*—In detinue for a yoke of oxen the value of the oxen need not be separately assessed in the absence of evidence of their separate value but may be assessed in the aggregate.

Appeal from Etowah Circuit Court.

Heard before Hon. W. W. Haralson.

Action by John A. Lusk against Hammond Bros. & Co. From a judgment for plaintiff, defendants appeal. Affirmed.

George D. Motley, for appellant.—Our rulings are all to the effect that a failure to assess the separate values when practicable is reversible error.—*Southern Warehouse Co. v. Johnson,* 85 Ala. 178; *Henry & Co. v. Powell,* 90 Ala. 440; *Jones v. Anderson,* 82 Ala. 302; *Savage v. Russell,* 84 Ala. 103; *Jones v. Anderson,* 76 Ala. 427; *Townsend v. Brooks,* 76 Ala. 308; *Tate v. Murphy,* 80 Ala. 440. The statement in the judgment entry that it was admitted that the cattle sued for were dead at the time of the trial cannot be looked to for any

[Hammond Bros. & Co. v. Lusk.]

· purpose and it will be presumed that it was practical to assess the value separately.—*Southern Warehouse Co. v. Johnson, supra; Wollner v. Lehman,* 85 Ala. 273; *Johnson v. McLeod,* 80 Ala. 433.

DORTCH, MARTIN & ALLEN, for appellee.—By a failure to object to the admission in the court below appellant waived such objection.—46 Ala. 702. It will be presumed because of want of proof of separate values that a separate assessment was impracticable.—46 Ala. 702; *Howard v. Dean,* 143 Ala. 423. Where property is of the same class or kind no separate assessment is necessary.—135 Ala. 229; 76 Ala. 211. The record shows that the cattle sued for was dead at the time of the trial and the defendant was in no sense injured by the failure to assess.—66 Ala. 310.

DOWDELL, J.—This case comes before us on the record, without a bill of exceptions, and only one question is presented for our consideration, viz., whether or not the value of the property sued for ought to have been assessed separately.

The judgment followed the verdict of the jury. The property sued for was "one yoke of oxen." The expression "a yoke of oxen" is in a sense a unity. It implies something more than merely two oxen. It may be inferred from the expression that the two animals composing the yoke are matched and trained to work together, and it may be that their value as a yoke would be greater than their value separately. In the absence of a bill of exceptions, showing what the evidence was on the trial, we cannot know but that the only evidence of value introduced was that of the "yoke of oxen," and, if this were so, it would have been impracticable for the jury to have made a separate assessment of value. We think the case falls within that class of cases which do not require a separate assessment of value of each article, and comes within the principle decided in *Howard v. Deens,* 143 Ala. 423, 39 South. 346, and *Downs v. Bailey,* 135 Ala. 329, 33 South. 151.

[Ex Parte State, ex rel. Attorney General.]

We find no error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.