# Boswell, *et al. v.* Thompson.

## *Detinue.*

(Decided Feb. 11, 1909.    Rehearing denied April 6, 1909.
49  South.  73.)

1. *Sales; Title Acquired.*—One who acquires property to purchase from a party who has no authority to sell acquires no title to such property.

[Boswell, et al. v. Thompson.]

2. *Principal and Agent; Authority to Sell; Jury Question.*—There being conflict in the testimony as to the authority of a third person to sell the property sued for, the question of the authority of such person to make the sale was one for the jury to determine.

3. *Evidence; Admissions; Conclusiveness.*—An admission that is denied and disputed by other evidence is not conclusive; and if a party admitted that he authorized another to sell oxen for him, which he denied a charge asserting that the admission was not conclusive should have been given.

4. *Charge of Court; Effect of Admission.*—A charge asserting that though the jury might believe that defendant made an admission of the authority of a third person to sell the oxen, plaintiff could not recover unless the jury are reasonably satisfied that he in fact authorized the sale is proper; and such charge is not covered by a charge asserting that the burden of proof is on the plaintiff to reasonably satisfy the jury that the defendant authorized such third person to sell the oxen.

5. *Same; Undue Prominence as to Particular Matters.*—Where the plaintiff relied on the admission of the defendant as to the authority of a third person to sell the oxen to establish such authority, a charge asserting that although the jury might believe that the defendant made such admission of authority, yet, the plaintiff could not recover unless the jury were reasonably satisfied that defendant authorized the third person to make the sale, or in fact, authorized the sale, is not objectionable as giving undue prominence to particular matters.

6. *Same; Invading Jury Province.*—A charge asserting that evidence of casual statements or admissions by a party made in casual conversation and to disinterested parties is regarded in law as very weak testimony, owing to the liability of witnesses to misunderstand or forget what was really said or intended assumes that the admission, if made, was casaul, and was invasive of the province of the jury.

8. *Same.*—A charge asserting that verbal admission uncorroborated by other facts or evidence in the case should always be weighed with great caution, assumed that such admission were uncorroborated, and therefore, invasive of the province of the jury.

9. *Same; Weight of Admissions.*—A charge is manifestly bad which asserts that evidence of admisions relating to facts of which the witness had no personal knowledge, is weak and inconclusive.

10. *Detinue; Verdict and Judgment; Separate Assessment of Value.*—Where the complaint claimed oxen by yoke and the value was proven by yoke, there was no error in the judgment assessing the value of the oxen by the yoke, although the statute requires the assessment separately of each article sued for in detinue when practical.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by J. A. Thompson against J. E. Boswell and others. From a judgment for plaintiff, defendants appeal. Reversed.

The suit is over six oxen, which plaintiff claims were sold to him by one Tiller. There was dispputte as to the authority of Tiller to make the sale.

The following charges were refused to the defendant: "(1) Although the jury may believe that the defendant Boswell made the admission claimed to have been made, yet the plaintiff cannot recover, unless the jury is reasonably satisfied that Boswell did in fact authorize Tiller to sell the steers. (2) Evidence of casual statements or admissions by a party, made in casual conversation and to disinterested persons, is regarded in law as very weak testimony, owing to the liability of the witness to misunderstand or forget what was really said or intended by the party. (3) Evidence of admissions relating to facts of which the witness had no personal knowledge is weak and inconclusive. (4) Verbal admissions, uncorroborated by other facts or evidence in the case, should always be weighed with great caution."

Given charge A is in the following language: "The burden of proof is on the plaintiff, Johnson, to prove to the reasonable satisfaction of the jury that defendant Boswell authorized Tiller to sell the steers, in order for plaintiff to recover in this case."

The complaint described the property as follows: "One yoke of oxen, red all over, about nine or ten years old; one yoke of oxen, one red and the other red sides and white back, about six years old; one yoke of oxen, one pale red and the other Jersey color, about six or seven years old."

The judgment is as follows: "We, the jury, find for the plaintiff for the property sued for, to wit: One yoke of oxen, red all over, about nine or ten years old; alternate value, $85. One yoke of oxen, one red and the other red sides and white back, about six years old; alternate value, $80. One yoke of oxen, one pale red and one Jer-

[Boswell, et al. v. Thompson.]

sey color, about six or seven years old; alternate value, $60—and assess damages for their detention at $145.50."

FOSTER, SAMFORD & CARROLL, for appellant. Admissions are not conclusive except when acted upon or made judicially.—1 Greenleaf Sec. 209; 2 Mayf. p. 246. The court erred ·in refusing charge 1, and 2.—*Rodgers v. Burt,* 47 South. 226; *Lehman v. McQueen,* 65 Ala. 573; *Haven v. Mark Strange,* 67 Wis. 493; Greenleaf, sec. 200. The court erred in refusing charge 3.—11 Mo. 231; 18 Barb. 250. The court erred in refusing charge 4.—1 A. & E. Ency of Law, 723. The verdict cannot be sustained because it does not separately assess the value of the property.—*Southern v. Johnson,* 85 Ala. 178; *Jones v. Anderson,* 76 Ala. 427; s. c. 82 Ala. 302; *Tate v. Murphy,* 80 Ala. 440; *Woolner v. Lehman,* 85 Ala. 283.

E. R. BRANNAN, for appellee. Counsel discuss assignments of error, but without citation of authority. He insists that the verdict was proper and cites in support thereof.—*Townsend v. Brooks,* 76 Ala. 308; *Eslava v. Dillihunt,* 46 Ala. 698.

ANDERSON, J.—The defendant proved that he owned the oxen and that Tiller had no authority to sell them; and, if this was true, the plaintiff acquired no title under his purchase from said Tiller. The plaintiff attempted to show that Tiller was authorized by the defendant to sell the oxen, by proving a certain admission by him to the effect that he had authorized him to sell them. Therefore there was a conflict in the evidence on this point, which was a question for the jury.

The admission, being denied and disputed by other evidence, was not conclusive on the defendant; but, even if made by him, he had the right to have the jury instruct-

[Boswell, et al. v. Thompson.]

·ed that said admissions were not conclusive against him.

The trial court erred in refusing charge 1, requested by the defendant, and which was not covered by given charge A. The charge cannot be condemned as singling out and giving undue prominence to parts of the evidence, as the plaintiff relied on this admission almost ·entirely to establish authority in Tiller.

Charge 2, requested by the defendant, was properly refused. If not otherwise bad, it invaded the province of the jury, in assuming that the admission, if made, was "casual," and it was for the jury to determine whether or not it was "casual."

Charge 4 also invaded the province of the jury, as it was for them to determine whether or not the admission was uncorroborated.

Charge 3 was manifestly bad.

It is true the statute requires the assessment of each article sued for in detinue separately, when practicable; but we cannot say that there was error in assessing the value of the oxen by the yoke, as the verdict and judgment responded to the complaint and proof. The complaint claimed in yokes, and the value was proven per yoke.—*Hammond v. Lusk,* 150 Ala. 487, 43 South. 573. This case is distinguishable from the case of *Southern Co. v. Johnson,* 85 Ala. 178, 4 South. 634. There the complaint described the mules separately, and the affidavit for seizure did the same thing.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN, MAYFIELD, and SAYRE, JJ., concur.