# Agee, *et al. v.* Cate.

## *Mandamus.*

(Decided April 17, 1913.   61 South. 900.)

*Appeal and Error; Moot Question; Determination.*—Where an appeal is taken from a decision granting a writ of mandamus to compel an issuance of license to sell liquor for the current year, and no motion is made to advance the appeal, and the year expires, the question becomes moot, and the appeal will be dismissed.   This court will not decide questions after their decision has become useless, merely for the purpose of ascertaining which of the parties is liable for costs.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Application by T. M. Cate to compel W. C. Agee and others, members of the Excise Commission of Jefferson county, to issue petitioner a certificate, authorizing the issue of liquor license to him for the year 1912.   From a judgment awarding the writ, respondents appeal. Appeal dismissed.

FRANK S. WHITE & SONS, for appellant.   Counsel discuss the appeal on its merits with citations of authority, but in view of the opinion it is not deemed necessary to here set them out.

BOWMAN, HOWARD & WEAVER, JESSE D. POPE, and FRED WALL, for appellee.   Counsel discuss the appeal on its merits with citations of authority, but in view of the opinion it is not deemed necessary to here set them out.

SAYRE, J.—This case originated in an application to the circuit court of Jefferson county for a writ of mandamus to compel the excise commission of that

[Ex parte Watters, et al.]

county to issue a certificate to the probate judge which would entitle petitioner to a renewal of his license as a wholesale liquor dealer for the year 1912. Issues of fact were formed, tried by a jury, and decided in favor of the petitioner, appellee. On appeal, the case was submitted in this court on November 26, 1912. Nothing was said in respect to the nature of the questions involved, and we did not become acquainted with them until we took up the record in the regular order of its submission, during the following March. The case had then become moot. It is not the practice of courts to decide cases after the time when a judgment may be made effective. Nor is it customary to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the costs. To this doctrine this court is fully committed.—*Comer v. Bankhead,* 70 Ala. 136; *State ex rel. Case v. Lyons,* 143 Ala. 649, 39 South. 214; *County of Montgomery v. Montgomery Traction Company,* 140 Ala. 458, 37 South. 208. It follows that the appeal must be dismissed.

Appeal dismissed. All the Justices concur, except Dowdell, C. J., not sitting.