(112 So. 458)

## WALKER v. ADLER. (6 Div. 775.)

Supreme Court of Alabama. April 14, 1927.

1. Trial ⊚➾11(2)—Motion to transfer action of forcible entry and detainer and unlawful detainer to equity docket held properly denied (Code 1923, §§ 6489, 8012).

In action of forcible entry and detainer, motion to transfer cause to equity docket, so that defendant could interpose equitable defense *held* properly denied, since equitable defenses may be interposed in trial of the case at law, in view of Code 1923, § 8012, and section 6489, authorizing such transfers, is inapplicable.

2. Champerty and maintenance ⊚➾6(2)—Purchaser from landlord of defendant, having no other relation to defendant, cannot recover in action of forcible entry and detainer (Code 1923, §§ 8003, 8004, 8012).

Purchaser of title from landlord of defendant, who had no other relation to defendant, *held* not entitled to recover in action of forcible entry and detainer, in view of Code 1923, § 8012, since right to sue in tort cannot be made subject of bargain and sale and sections 8003 and 8004 are inapplicable.

3. Forcible entry and detainer ⊚➾18—Statute that beneficiary is considered sole party on record in suit brought for his benefit held inapplicable to forcible entry and detainer (Code 1923, § 5700).

Action of forcible entry and detainer being in tort, Code 1923, § 5700, providing that, where suits are brought in name of person having legal right for use of another, beneficiary must be considered sole party on record, is inapplicable.

4. Parties ⊚➾59(4)—Substitution of parties plaintiff so as to make suit for use of party originally named held to make complaint demurrable.

In suit brought by Lakewood Estates, Incorporated, amendment of complaint by making name of plaintiff "S—— M—— A——, who sues for the use and benefit of Lakewood Estates, Incorporated," *held* in effect substitution of parties plaintiff making complaint demurrable; words following plaintiff's name being surplusage so far as defendant was concerned.

5. Parties ⊚➾93(2)—Objection to substitution of parties plaintiff held not waived by pleading over (Code 1923, § 9517).

Objection to substitution of parties plaintiff being taken by demurrer to complaint as amended as well as by objection to allowance of amendment was not waived by pleading over, in view of Code 1923, § 9517.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action of forcible entry and detainer and unlawful detainer by the Lakewood Estates, Incorporated, against W. E. Walker, in which the complaint was amended by making the name of the plaintiff Sam M. Adler, suing for the use and benefit of the Lakewood Estates, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, Walker v. Lakewood Estates, ante, p. 71, 112 So. 460.

Mathews & Mathews, of Bessemer, and Hugh A. Locke, of Birmingham, for appellant.

When the defense in unlawful detainer is equitable, the cause should be transferred upon proper motion. Code 1923, § 6490. The amendment worked a complete change of parties plaintiff. The words "for the use of," etc., were surplusage. Reese v. Reaves, 131 Ala. 195, 31 So. 447; Dane v. Glennon, 72 Ala. 160; Hill v. Harris, 179 Ala. 614, 60 So. 917.

Huey & Welch, of Bessemer, for appellee.

The statute providing for removal or transfer of causes from the law to the equity side of the court has no application to unlawful detainer suits. Code 1923, § 6486; Crocker v. Goldstein, 209 Ala. 172, 95 So. 873. It was proper for the original lessor and owner to institute and maintain the suit for the use of the purchaser. Cooper v.

Gambill, 146 Ala. 184, 40 So. 827; Whaley v. Wynn, 208 Ala. 342, 95 So. 16. It was permissible to amend by adding Sam M. Adler as use plaintiff. Code 1923, § 5700; Cowan v. Campbell, 131 Ala. 211, 31 So. 429; Smith v. Yearwood, 197 Ala. 680, 73 So. 384.

BROWN, J. This is an action of forcible entry and detainer, and unlawful detainer, commenced by the "Lakewood Estates, Inc.," as sole plaintiff, against the appellee, Walker, in the inferior court of Bessemer. The plaintiff recovered in the inferior court, and the defendant appealed to the circuit court. Before entering upon the trial in the circuit court, the defendant made a motion, under the statute, to transfer the case to the equity docket, on the ground that he had an equitable defense to the action which was not available to him in the action at law, and this motion was overruled.

The complaint as originally filed averred that "the defendant lawfully entered on demise of the tenant of plaintiff's vendor," etc. To this complaint the defendant demurred, on the ground, among others, that it appeared from the complaint that the possession alleged to be unlawfully detained was that of plaintiff's vendor, and not that of the plaintiff. The demurrer was sustained, and the complaint was, over the objection of the defendant, seasonably made, amended "by making the name of the plaintiff Sam M. Adler, who sued for the use and benefit of Lakewood Estates, Incorporated, a corporation," and adding counts of forcible entry and detainer. The defendant then demurred to the complaint as amended on the ground that this amendment worked an entire change of parties plaintiff.

[1] In Crocker v. Goldstein, 209 Ala. 172, 95 So. 873, it was ruled that the statute (Code of 1923, § 6489), authorizing the transfer of an action at law to the equity docket on motion of the defendant, was not applicable to action of forcible entry and detainer, or unlawful detainer. Aside from the reasons there stated as showing that the statute was not applicable, section 8012, Code, regulating the trial of such actions, provides that "all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land" in the trial of the action at law. The motion of the defendant was therefore properly denied.

The action of forcible entry and detainer and unlawful detainer, is a purely possessory action and in tort. The gravamen of the action in the first mentioned is the forcible entry of possession and the wrongful detention thereof, and in the other the wrongful detention. In the action of forcible entry and detainer the plaintiff must show prior actual possession—actual in the sense of antedating defendant's entry. Welden v. Schlosser, 74 Ala. 355; Clements v. Hays, 76 Ala. 280; Wray v. Taylor, 56 Ala. 188; Houston v. Far-

ris & McCurdy, 71 Ala. 570; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561.

Not so in unlawful detainer; there the plaintiff is only required to show "actual possession in himself prior in point of time to the inception of the wrongful possession of the defendant, prior to the beginning of the unlawful detainer by the defendant," and in this sense the actual possession of the plaintiff's tenant is the possession of the landlord. "The offense is against the possession which existed up to the moment of time when the defendant ceased to hold under his lease, and assumed to hold otherwise than in subordination to him whose possession he theretofore had." Nicrosi v. Phillipi, supra; Hill v. Harris, 179 Ala. 614, 60 So. 917.

In the case last cited; the dictum in Nicrosi v. Phillipi, to the effect that a purchaser from the lessor, pending the term, succeeded to the possession of the lessor, and could maintain unlawful detainer, was disapproved.

In cases within the influence of sections 8003, 8004, of the Code of 1923, the rule of these statutes obtain, but they are not applicable here.

[2] The foregoing is sufficient to show that the Lakewood Estates, Inc., the sole plaintiff in the action as originally instituted, could not recover. Its sole relation to the defendant was as purchaser of the title from the landlord of the defendant, and the right to sue in tort cannot be made the subject of bargain and sale. Bernstein v. Humes et al., 60 Ala. 582, 602, 31 Am. Rep. 52. Its right could not be developed without inquiring into the title, which is forbidden by the statute. Code of 1923, § 8012; Dwine v. Brown, 35 Ala. 596.

[3] The action being in tort, section 5700 of the Code of 1923 is not applicable. Reese v. Reaves et al., 131 Ala. 195, 31 So. 447; Dane v. Glennon, 72 Ala. 160; Caldwell v. Smith, 77 Ala. 157.

[4] The effect of the amendment to the complaint, allowed in this case, was to substitute Sam M. Adler as sole plaintiff; the words "who sues for the use and benefit of Lakewood Estates, Incorporated, a corporation," being mere surplusage and without significance so far as the defendant is concerned. Whaley v. Wynn, 208 Ala. 342, 95 So. 16; Reese v. Reaves et al., 131 Ala. 195, 31 So. 447; Gambill v. Cooper, 159 Ala. 637, 48 So. 691.

In Cooper v. Gambill, 146 Ala. 185, 40 So. 827, the suit was brought in the name of Cooper, the lessor, and on the second appeal the words, "for the use, etc.," were held to be mere surplusage. Gambill v. Cooper, supra.

In Smith v. Yearwood et al., 197 Ala. 680, 73 So. 384, the action was on an official bond. Moreover, in that case it appeared that Joe Smith was the original plaintiff, suing by next friend, and before the trial he had reached his majority, and the amendment proposed in that case was to strike out the name of the next friend.

[5] The trial court erred in allowing the amendment and in overruling the demurrer to the complaint as amended. The point being taken by demurrer to the complaint as amended, as well as by objection to the allowance of the amendment, was not waived by pleading over. Code of 1923, § 9517; Steele v. Booker, 205 Ala. 210, 87 So. 203; A. G. S. R. R. Co. v. Lawler, 213 Ala. 119, 104 So. '412.

As this point is decisive of the case, the other questions argued will not be treated.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.