(112 So. 460)

**WALKER v. LAKEWOOD ESTATES, Inc., et al. (6 Div. 591.)**

Supreme Court of Alabama. April 14, 1927.

Appeal and error ⬅790(2)—Appeal from decree denying injunction restraining prosecution of law action will be dismissed, where law action terminated favorable to complainant.

Appeal from decree dismissing bill seeking injunction restraining prosecution of action at law will be dismissed, where it presents moot question only, due to holding on appeal in law action favorable to complainant.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by W. E. Walker against the Lakewood Estates, Inc., and others. From a decree dismissing the bill, complainant appeals. Appeal dismissed.

Hugh A. Locke, of Birmingham, and Mathews & Mathews, of Bessemer, for appellant.

Huey & Welch, of Bessemer, for appellees.

In view of the decision, it is not necessary that briefs be here set out.

PER CURIAM. Complainant to this bill was defendant in the suit of unlawful detainer and forcible entry and detainer brought by Lakewood Estates, Inc., this day decided under the title W. E. Walker v. Sam M. Adler et al., post, p. 76, 112 So. 458.

The primary purpose of the bill is for injunctive relief against the prosecution of the above-described action at law; complainant being of the opinion that the matter of equitable estoppel, upon which he relies as a defense, was not available to him in such action. The holding of the court in the case of Walker v. Adler et al., supra, is to the effect that such defense was available to this complainant as defendant in the action at law.

Aside from this, however, it was there further held that said suit at law, here sought to be enjoined, could not be further maintained by the plaintiff in said action. As the primary purpose of this bill was injunctive relief against the prosecution of this law action, and as the holding in said above-cited cause is decisive of that action favorable to complainant here, it results that this appeal presents a moot question only, and will therefore be dismissed. County of Montgomery v. Montgomery Traction Co., 140 Ala. 458, 37 So. 208. In Agee v. Cate, 180 Ala. 522, 61 So. 900, the court said:

"Nor is it customary to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the costs."

The case of Postal Tel. Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428, Ann. Cas. 1918B, 554, is distinguished from the instant case, as in that authority it was important to determine the liability upon the injunctive bond executed as a condition precedent to the issuance of the temporary writ of injunction. Here the injunction was denied, and therefore no such question of liability on the bond is involved.

The record presenting a moot case, we think the appeal should be dismissed, and it will accordingly be so ordered.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE, GARDNER, THOMAS, and BROWN, JJ., concur.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes