(122 So. 641) 

## Ex parte McFRY. (7 Div. 810.)

Supreme Court of Alabama. May 30, 1929.

See, also, 218 Ala. 21, 117 So. 464.

Rutherford Lapsley, of Anniston, for petitioner.

Merrill & Jones, of Anniston, for respondent.

. THOMAS, J. The petition, answer, exhibits, and the respective arguments of counsel show that only a question of cost is involved in the decision that is now sought.

After the court overruled the respondent's demurrer (Ex parte McFry, 218 Ala. 21, 117 So. 464) to the petition, the respondent filed an answer setting up the final decree rendered on the 30th day of June, 1928, in the proceeding in the circuit court, by O. L. Stewart against the petitioner et al., to adjust the several or rival claims of the parties to the property involved in the claim suit described in petitioner's petition for mandamus. That answer shows that, after the final decree had been rendered in said cause, Stewart withdrew his motion to transfer the case appealed from the justice court from the law side of the docket to the equity side of the docket. A copy of that motion, the judgment of the court allowing the withdrawal of the motion, and a certified copy of the final decree in the equity case adjusting said several claims are attached to the respondent's answer in this controversy.

■ This court has declared that it will not decide questions after their decision has become useless, merely for the purpose of ascertaining which of the parties is liable for the cost. County of Montgomery et al. v. Montgomery Traction Co., 140 Ala. 458, 37 So. 208; State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214; Agee et al. v. Cate, 180 Ala. 522, 61 So. 900; Walker v. Lakewood Estates, 216 Ala. 71, 112 So. 460.

■ If a case has become a moot case, there is no necessity for a judgment, or no end that the law recognizes sufficient to be accomplished by the judgment sought, the court will decline to consider the merits, and dismiss the case.

The party litigant concedes that only a question of cost is involved in the decision sought. At the time he filed his petition for mandamus, there was pending on the equity side of the docket of the circuit court, an action in the nature of an interpleader, a proceeding under section 10390 of the Code of 1923, to determine the claims of petitioner, Stewart, and other claimants to the property involved in the claim suit originating in the justice court, which is set out in the petition for mandamus. While the petition for mandamus was pending and before respondent filed his answer, the circuit court rendered a decree in that proceeding, adjudging that this petitioner was not entitled to said property as against Stewart, and that Stewart's claim was superior. Thereafter there was nothing further to be accomplished by litigating the claim suit appealed from the justice court, and Stewart's motion to transfer it to the equity side of the docket was withdrawn, and the appealed case was dismissed. The petitioner, McFry, appealed from this final decree of the circuit court in equity, and this court affirmed the decree of the circuit court. McFry v. Stewart, ante, p. 216, 121 So. 517.

■ The title to the property involved in the justice court proceeding having been settled in the last-cited case, the mandamus proceeding now presents a moot question. This court will not render a decision in said mandamus proceeding, merely for the purpose of ascertaining which of the parties was correct in his original insistences; nor is it customary to decide questions of importance after their decision has become useless, merely to ascertain who is liable for costs. The issue involved is no longer material.

In the case of County of Montgomery v. Montgomery Traction Co., supra (injunction), this court dismissed the appeal, and said: "The case, in short, has become a moot case; there is no occasion or necessity for a judgment here, and no end to be accomplished by any judgment we might render; and we, therefore, decline to consider the case as now presented on its original merits."

And in the case of Agee v. Cate, supra, the court said: "Nor is it customary to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the cost."

That is to say, these principles have been applied in mandamus proceedings (Agee v. Cate, 180 Ala. 522, 61 So. 900; State ex rel. Case v. Lyons, supra), also in injunctions (Montgomery County v. Montgomery Traction Co., 140 Ala. 458, 37 So. 208; Walker v. Lakewood Estates, 216 Ala. 71, 112 So. 460), in which the court has held that a writ would not be awarded because nothing could be accomplished by its issuance.

The case of Postal Tel. Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428, Ann. Cas. 1918B, 554, is to be distinguished from the petition before us. In Postal Tel. Co. v. City of Montgomery, supra, it was important to determine liability upon injunction bond executed as a condition precedent to the issue of a temporary writ of injunction.

This record presents a moot case. We think the petition should be dismissed on the uncontroverted answer and exhibits. It is accordingly so ordered.

Mandamus denied; petition dismissed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.