152 So. 218

## STATE et al. v. LOUISVILLE & N. R. CO.
### 3 Div. 80.

Supreme Court of Alabama.
Jan. 18, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellants.

Sidney Smith, of Louisville, Ky., R. C. Beckett, of Chicago, Ill., and Steiner, Crum & Weil, of Montgomery, for appellee.

BROWN, Justice.

The appeal was limited to the order of the court overruling the motion of the Attorney General, appearing for the state and the state tax commission, to dissolve the temporary injunction, restraining the state tax commission from certifying the full valua-

72

tion of appellee's property for taxes made by the tax commission in the assessment of its taxes for the year 1932 to the tax-collecting agencies of the state and the several counties and municipalities in which appellee's property is situated, pending the hearing on the merits of its objections to the assessment.

The tax commission fixed the valuation of the property at $40,024,642, and the appellee railroad company offered to pay taxes, pending the appeal to the circuit court, sitting in equity, on a basis of 65 per cent. of the valuation, and the decree granting the temporary injunction authorized the certification of such amount, $26,016,017.30, to the several tax-collecting agencies by the state tax commission, without prejudice to either party.

The railroad company's appeal from the order of the tax commission fixing the value of the property was perfected on August 15, 1932, and on December 15, 1932, within the time allowed the railroad company by order of the court "to file protest, pleading and grounds for objection to Tax Assessment appealed from," filed what is termed "a bill supplemental to its appeal," verified by affidavit, setting forth its objections to the assessment, in which it prayed for said temporary injunction.

On the date of filing the bill, the Attorney General appeared for the state and the state tax commission, and filed an answer, denying "each and every allegation of said petition and the prayer thereof," and, after hearing, the court entered an order granting the temporary injunction, requiring the execution of a bond by the railroad company, payable to the state and the state tax commission.

On August 28, 1933, the day the cause came on for hearing on the merits, the Attorney General filed a motion to dissolve the injunction, and the court overruled the motion and proceeded to a hearing on the merits.

The appeal from the order overruling the motion was taken, on the day the cause was submitted for final decree on the merits, August 28, 1933. Thereafter, on November 14, 1933, the court entered a final decree declaring that the property of the company "should be assessed for taxation for the year 1932, as of October 1st, 1931, at the total sum of $26,107,937.00," and assessing the said property accordingly.

■ The contentions of the appellants are: (1) That section 73 of the General Revenue Act of 1927 (Gen. Acts 1927, p. 185), authorizing appeals by taxpayers from assessments made by the state tax commission, did not authorize such appeal by a public service corporation, and the attempted appeal by the railroad company was inefficacious to give the circuit court of Montgomery county, sitting in equity, jurisdiction to review the order of the tax commission; that appellee's sole right of review was as provided by sections 164 and 189 of the Revenue Law of 1919 (Gen. Acts 1919, pp. 329, 340).

And (2) that, if it be conceded that section 73 of the Act of 1927, supra, gave the railroad company a right of appeal, the jurisdiction thereby conferred was statutory and limited, and the court was without jurisdiction to use its general equity powers to preserve the status quo, pending final disposition of the appeal.

To affirm the first proposition would necessitate a dismissal of the appeal by this court ex mero motu. The appellee sought to maintain the "supplemental bill" as ancillary to its appeal from the assessment made by the state tax commission, and, if the court was without jurisdiction, all of the proceedings were coram non judice, and the alleged order overruling the motion to dissolve the injunction would not support the appeal. Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

■ To affirm the second necessitates granting the motion of appellee to dismiss the appeal.

If the court acquired jurisdiction by the appeal to review the assessment and fix the value of the property for taxation, the final decree of the court ex necessitate vacates the order of the state tax commission, and no necessity exists for perpetuating the injunction. It became functus officio when the final decree was entered, and the question raised by the motion to dissolve the injunction became moot. Ex parte McFry, 219 Ala. 492, 122 So. 641; State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214.

Let the appeal be dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.