154 So.2d 676

**BIRMINGHAM TRANSIT COMPANY et al.**

**v.**

**CITY OF BIRMINGHAM et al.**

**6 Div. 825.**

Supreme Court of Alabama.

June 13, 1963.

**322**

Harvey Deramus, Jas. C. Barton, Harvey Elrod and Deramus & Johnston, Birmingham, for appellants.

J. M. Breckenridge and Earl McBee, Birmingham, for appellees.

LAWSON, Justice.

█ This bill was filed by Birmingham Transit Company, a corporation, and Belgrade Company, Inc., a corporation, against the City of Birmingham and against the individuals constituting the governing body of the City of Birmingham. Its object was to enjoin the respondents from enforcing an ordinance of the City of Birmingham purporting to fix the rates chargeable by the complainants in the operation of a public transportation system over the streets of Birmingham.

The application for a temporary injunction was set down for hearing under the provisions of § 1063, Title 7, Code 1940. Following the hearing, the trial court denied the prayer for a temporary injunction. The complainants below have appealed from that decree. Section 1057, Title 7, Code 1940.

After submission in this court, the Legislature of the State of Alabama on July 10, 1962, passed over the Governor's veto Act 90, Acts of Alabama, 1962 Special Session, p. 118, which act expressly confers upon the Alabama Public Service Commission the authority to regulate the rates chargeable by the complainants in connection with the operation of their transit system.

It is apparent that the issue presented below is no longer in the case, and there is nothing to be accomplished by a decree here on the merits of an issue that was at one time in the case. The case, in short, has become moot. We decline, therefore, to consider the case, as now presented, on its original merits. County of Montgomery v. Montgomery Traction Co., 140 Ala. 458, 37 So. 208; Browne, Mayor, v. State ex rel. Gunn, 147 Ala. 703, 41 So. 407; State ex rel. Case v. Lyons, Mayor, 143 Ala. 649, 39 So. 214.

. For aught appearing, the criminal proceedings threatened or instituted for a violation of the said City ordinance have not been pursued

█ We do not feel inclined to write to the merits of this case and thereby in effect render an advisory opinion simply on the basis that the criminal cases may come on for trial. If criminal prosecutions are pursued, the validity of the ordinance in question would properly be raised therein.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.